JAMES DICKSON PHILLIPS, Circuit Judge:
 

 Margaret Ann Deans appeals a district court order affirming a bankruptcy court’s refusal to confirm her Chapter 13 bankruptcy plan. Deans’ plan was rejected because found not “proposed in good faith” as required by 11 U.S.C. § 1325(a)(3), a finding based upon the view of the courts below that any plan, such as Deans’, that provides no “substantial and meaningful” repayments to the debtor’s unsecured creditors cannot qualify under § 1325(a)(3).
 
 Deans v. O’Donnell,
 
 14 B.R. 997 (D.C.E.D.Va.1981). Because this view misconstrues the statutory good faith requirement, we vacate and remand for reconsideration of Deans’ plan.
 

 
 *969
 
 I
 

 Deans filed her voluntary petition for Chapter 13 bankruptcy with a proposed repayment plan on March 27, 1981. Her plan divided her creditors into two classes, holders of secured claims and holders of unsecured claims. The only member of the first class was General Motors Acceptance Corp. (GMAC), with a claim of $6,913. This claim was secured only to the extent of the fair market value of the security, a 1979 Chevrolet worth $3,625. The second class contained six unsecured creditors with claims totalling $4,013. GMAC was also a member of this class to the extent that its claims exceeded the value of its security. Under the proposed plan, Deans was to pay the trustee $120.42 per month for three years. The plan provided that the trustee would distribute the payments first to pay the priority items listed in § 507 and then to GMAC in the amount of the present value of its security. The unsecured creditors would not receive any distribution under the proposed plan.
 

 The statements filed by Deans, a full-time secretary, indicated that she received a steady take-home pay of $862 per month. All of Deans’ assets were exempt under § 522. She listed her monthly expenses as $733, leaving a surplus of $129 per month from which her monthly payment to the trustee could be made.
 

 On May 5, 1981, the bankruptcy court followed the recommendation of the trustee and denied confirmation of Deans’ plan on the ground that it did not meet the statutory “good faith” requirement. The district court affirmed, holding that a plan could qualify under § 1325(a)(3) “only if it provides for substantial and meaningful payments to unsecured creditors.” The court ruled denial of confirmation proper because “a repayment plan, such as the one proposed by Deans, cannot qualify under the ‘good faith’ test as a matter of law.”
 
 Id.
 
 at 999, 1000.
 

 II
 

 11 U.S.C. § 1325(a) instructs bankruptcy courts to confirm Chapter 13 plans that satisfy six conditions.
 
 [1]
 
 The instant case concerns the requirement imposed by subsection (a)(3) that “the plan has been proposed in good faith and not by any means forbidden by law.”
 
 [2]
 
 More specifically, the question presented by this appeal is whether the district court correctly implied from this statutory language a requirement that all plans must provide, as a matter of law, substantial and meaningful repayment to the debtor’s unsecured creditors.
 

 A
 

 Congress has nowhere in the statute provided a definition of the term “good faith.” The legislative history is similarly silent on the point. The interpretation that should be given the ambiguous term, and more precisely whether a “substantial repayment” requirement can or should be implied
 
 *970
 
 therein, has stirred no small debate among lower courts presented with Chapter 13 plans proposing no or only minimal payments to unsecured creditors. Some courts, as the district court in the instant case, have imposed such a requirement both because the legislative history suggests that repayment to unsecured creditors was an intended goal of Chapter 13 and because of the fear that without such a requirement debtors, especially no-asset debtors, would inequitably benefit at the expense of their unsecured creditors who are no longer permitted to veto plans they find unsatisfactory.
 
 See id.
 
 at 998-99. Other courts have rejected implication of a substantial repayment requirement into “good faith” as impermissible judicial legislation, contrary both to the language of the statute and the Congressional intent to provide as many debtors as possible with an opportunity for a fresh start.
 
 See generally, Matter of Scher,
 
 12 B.R. 258 (Bkrtcy.S.D.N.Y.1981);
 
 In re Thebeau,
 
 3 B.R. 537 (Bkrtcy.E.D.Ark.1980).
 
 [3]
 
 Most recently three courts of appeals have addressed, without perfect unanimity of view, varying aspects of this “good faith” interpretive problem.
 
 [4]
 

 We conclude that the plain language of the statute precludes importation of a
 
 per se
 
 rule of substantial repayment into the “good faith” requirement in every case. Quite simply, had Congress intended that such repayment be a condition precedent to confirmation of all Chapter 13 plans it could have explicitly so stated. Yet nowhere in Chapter 13 is there any mention of a percentage or proportionate amount that must be offered to unsecured creditors in every case.
 
 [5]
 
 Congress did in fact explicitly
 
 *971
 
 set a minimum repayment level for unsecured creditors in § 1325, but that limit is not one requiring substantial repayment in every plan. Rather, subsection (a)(4) specifically requires as protection to the unsecured creditors that the amount paid on each such claim cannot be “less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7.”
 

 All that can be said with certainty about Chapter 13 legislative history is that it presents no definitive answer on this issue and certainly does not compel adoption of a
 
 per se
 
 rule of substantial repayment. To be sure the Senate report does note that under Chapter 13 “100 percent payment plans will be encouraged” and that it was “also necessary to prevent Chapter 13 plans from turning into mere offers of composition plans under which payments would equal only the non-exempt assets of the debtor.” S.Rep. No. 989, 95th Cong., 2d Sess. 13,
 
 reprinted in
 
 [1978] U.S.Code Cong. & Ad.News 5787, 5799. On the same page, however, the Senate envisioned “new Chapter 13” to permit “almost any individual with regular income to propose ... a reasonable plan for debt repayment based on that individual’s exact circumstances.”
 
 Id.
 

 The House Report similarly reflects the intent to provide various debtors in various stages of economic indebtedness with the opportunity to perform promises realistic to their particular situations:
 

 The purpose of Chapter 13 is to enable an individual, under court supervision, and protection, to develop and perform under a plan for the repayment of his debts over an extended period. In some cases the plan will call for full repayment. In others, it may offer creditors a percentage of their claims in full settlement.
 

 H.R.Rep. No. 595, 95th Cong., 1st Sess. 118 (1977),
 
 reprinted in
 
 [1978] U.S.Code Cong. & Ad.News 5963, 6079.
 

 There seems in the legislative history a recognition, therefore, that plans offering 100 percent repayment to unsecured creditors would be called for in appropriate cases. At most, this history suggests a hope that debtors would pay if not in full at least a substantial portion of their unsecured debts. Nowhere is there indication that in order to meet the good faith requirement a minimal amount must be paid in every case as protection to unsecured creditors.
 
 [6]
 
 Indeed, the abolition of unsecured creditor’s consent to the debtor’s plan, previously mandated by Chapter XIII, was one aspect of Chapter 13 viewed as essential to hopes for its success. As one proponent of what was enacted suggested:
 

 We feel that if the debtor makes an effort to repay, his creditors should not be able to say that the plan does not propose to pay enough or it does not do other things the creditor wants.
 

 123 Cong.Rec. H 11699 (daily ed. October 27, 1977).
 

 Finally, the generally liberalized provisions of Chapter 13 were primarily “designed to serve as a flexible vehicle for the repayment of part or all of the allowed claims of the debtor,” S.Rep. No. 989 at 141,
 
 reprinted in
 
 [1978] U.S.Code Cong. & Ad. - News at 5927. It seems unlikely, for example, that in extending eligibility for Chapter 13 relief to welfare recipients Congress could have intended simultaneously to inject into the Chapter a requirement that in every case “substantial” repayments must be made by such debtors to their unsecured creditors.
 

 Our task is to construe the statute, not to construct it. Rather than manipulating the “good faith” requirement so as to impose a rigid requirement of substantial repayment in every case we think the proper course is to apply the statute as written and to allow Congress, should it choose, to add additional
 
 *972
 
 conditions for the confirmation of Chapter 13 plans.
 
 [7]
 

 B
 

 Our rejection of an implied
 
 per se
 
 substantial repayment requirement in § 1325(a)(3) should not suggest any endorsement of minimal or no repayment plans. Congress never intended, of course, that Chapter 13 serve as a haven for debtors who wish to receive a discharge of unsecured debts without making an honest effort to pay those debts. While no precise definition can be sculpted to fit the term “good faith” for every Chapter 13 case, we think the generally accepted definition of “good faith” as used in Chapter 11 of the old Bankruptcy Act, 11 U.S.C. § 766(4) (1976) (repealed), provides the general parameters:
 

 A comprehensive definition of good faith is not practical. Broadly speaking, the basic inquiry should be whether or not under the circumstances of the case there has been an abuse of the provisions, purpose, or spirit of [the Chapter] in the proposal or plan....
 

 9 Collier on Bankruptcy 9.20 at 319 (14th ed. 1978),
 
 cited in In re Goeb,
 
 675 F.2d 1386, 1390 n. 9;
 
 In re Rimgale,
 
 669 F.2d 426, 431 (7th Cir.1981);
 
 In re Terry,
 
 630 F.2d 634, 635 n. 3 (8th Cir.1980).
 

 As noted, repayment to unsecured creditors, although not a requirement for confirmation of every Chapter 13 plan, was one intended purpose of Chapter 13’s enactment. Failure to provide substantial repayment is certainly evidence that a debtor is attempting to manipulate the statute rather than attempting honestly to repay his debts. But substantiality of proposed repayment is but one factor to be considered in deciding if a plan has been proposed in good faith; a court must make its determination based on all militating factors.
 

 Without attempting either to be exhaustive or to establish a criteria “check-list,” these factors might include, depending on the particular case, not only the percentage of proposed repayment, but also the debt- or’s financial situation, the period of time payment will be made, the debtor’s employment history and prospects, the nature and amount of unsecured claims, the debtor’s past bankruptcy filings, the debtor’s honesty in representing facts, and any unusual or exceptional problems facing the particular debtor. Although the court’s discretion in making the good faith determination is necessarily a broad one, the totality of circumstance must be examined on a case by case basis in order fairly to apply the statute as now written.
 

 Ill
 

 In the instant case the courts below, holding that the plan could not have been in good faith as a matter of law, declined to examine or make specific factual findings concerning the circumstances of Dean’s case. We decline to attempt a
 
 de novo
 
 determination of the good faith requirement on the present record and express no opinion on the merits of that issue. Instead, we vacate the judgment below and remand for reconsideration of the issue consistent with this opinion.
 

 VACATED AND REMANDED.
 

 [1]
 

 . Section 1325(a) provides:
 

 (a) The court shall confirm a plan if—
 

 (1) The plan complies with the provisions of this chapter and with other applicable provisions of this title;
 

 (2) any fee, charge, or amount required under chapter 123 of title 28, or by the plan, to be paid before confirmation has been paid;
 

 (3) the plan has been proposed in good faith and not by any means forbidden by law;
 

 (4) the value, as of the effective date of the plan, or property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;
 

 (5) with respect to each allowed secured claim provided for by the plan—
 

 (A) the holder of such claim has accepted the plan;
 

 (B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and
 

 (ii) the value, as of the effective date of the plan, or property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or
 

 (C) the debtor surrenders the property securing such claim to such holder; and
 

 (6)the debtor will be able to make all payments under the plan and to comply with the plan.
 

 [2]
 

 . The parties agree that if the plan has been proposed in good faith under § 1325(a)(3) it is entitled to confirmation.
 

 [3]
 

 . The interpretive problem has also attracted considerable attention from commentators. See,
 
 e.g.,
 
 Note, Good
 
 Faith, Zero Plans, and the Purposes of the Bankruptcy Code Chapter 13: A Legislative Solution to the Controversy,
 
 61 B.U.L.Rev. 773 (1981); Note,
 
 Chapter 13 De Minimus Plans: Toward a Consensus on “Good Faith",
 
 9 Hofstra L.Rev. 593 (1981); Note,
 
 Filing for Personal Bankruptcy: Adoption of a “Bona Fide Effect" Test Under Chapter 13,
 
 14 Mich.J.L. Reform 321 (1981); Note,
 
 “Good Faith" and Confirmation of Chapter 13 Composition Plans: Analysis and a Proposal,
 
 65 Minn. L.Rev. 659 (1981); Note,
 
 Abusing Chapter 13 of the Bankruptcy Code: The Problem of Nonre-payment,
 
 55 N.Y.U.L.Rev. 941 (1980). See
 
 also In re Goeb,
 
 675 F.2d 1386, 1388 nn. 3 & 4, (9th Cir.1982).
 

 [4]
 

 . In
 
 In re Goeb,
 
 675 F.2d 1386 (9th Cir.1982), the debtor proposed,
 
 inter alia,
 
 to make payments to unsecured creditors of only one cent on the dollar. The Ninth Circuit rejected the “substantial repayment requirement implied in § 1325(a)(3) “good faith” by the district court in denying the plan. Defining good faith as essentially “acting equitably,” the court remanded the case with instructions to confirm the plan unless additional indicia of bad faith were adduced.
 

 In
 
 In re Rimgale,
 
 669 F.2d 426 (7th Cir.1981), the court concluded “that conduct comprehended under the rubric ‘good faith’ will have to be defined on a case by case basis as the courts encounter various problems in the administration of Chapter 13’s provisions,” with substantiality of repayment one of many factors to be considered.
 
 Id.
 
 at 431 n. 14.
 

 In
 
 In re Terry,
 
 630 F.2d 634 (8th Cir.1980), the Eighth Circuit rejected a debtor’s plan to pay nothing to any creditor as one abuse of the “spirit of the Chapter.”
 
 Id.
 
 at 635.
 

 In none of these cases was a plan proposing no repayment to unsecured creditors approved, and the latter two cases can be read as at least implicitly viewing substantial repayment as an essential element of “good faith.”
 

 [5]
 

 .11 U.S.C. § 727(a)(9) of subchapter II of Chapter 7 of the Code, inapplicable to Chapter 13 cases, 11 U.S.C. § 103(b), by contrast, is the only section which mentions a percentage payment in connection with a Chapter 13 plan. That section provides that
 

 (a) the court shall grant the debtor a discharge, unless
 

 (9) the debtor has been granted a discharge under section 1328 of this title, or under section 660 or 661 of the Bankruptcy Act, in a case commenced within six years before the date of the filing of the petition, unless payments under the plan in such case totaled at least—
 

 (A) 100 percent of the allowed unsecured claims in such case; or
 

 (B)(i) 70 percent of such claims; and
 

 (ii) the plan was proposed by the debtor in good faith, and was the debtor’s best effort;
 

 This section is addressed to the erstwhile Chapter 13 (or Chapter XIII) debtor who has been given a discharge in that proceeding who then returns to the bankruptcy court as a Chapter 7 debtor. Indeed, this section’s explicit requirement of a substantial repayment in addition to the condition that the plan be “proposed in good faith” emphasizes the absence of a similar in 13.
 

 [6]
 

 . The only floor protection expressly provided for unsecured creditors is the requirement of § 1325(a)(4) that the value of distribution to them be “not less than the amount that would be paid [under a Chapter 7 liquidation].” There is no question raised here that a no-payment plan meets this test.
 

 [7]
 

 . In fact Congress has not been idle during the “good faith” controversy; legislation has been introduced in part to resolve the confusion surrounding the term. Although now apparently stalled, the proposed changes in the statute have been sufficient to convince at least one court of appeals that no absolute “substantial repayment” requirement is to be read into “good faith.”
 
 See In re Goeb,
 
 675 F.2d at 1389.