In re Tyrone LEWIS, Norma Jean Lewis, Debtors.

Bankruptcy No. 82–1–0171.

United States Bankruptcy Court, D. Maryland.

Dec. 29, 1982.

James Greenan, Upper Marlboro, Md., for debtors.

Thomas Lackey, Upper Marlboro, Md., Trustee of the Chapter 13 estate.

F. Robert Troll, Hyattsville, for creditor Malcolm & Malcolm, Inc.

## MEMORANDUM OF OPINION

PAUL MANNES, Bankruptcy Judge.

This matter was presented for hearing upon confirmation of the debtors' Chapter 13 Plan. Malcolm & Malcolm, Inc. (creditor) objects to confirmation pursuant to 11 U.S.C. § 1324 alleging that debtors' plan was not proposed in good faith under 11 U.S.C. § 1325. The trustee likewise recom-

mends that the plan not be approved. The court finds that confirmation of this plan must be denied because it fails to fulfill the requirements set forth in 11 U.S.C. § 1325.

Section 1325 requires, *inter alia,* that the plan be proposed in "good faith and not by any means forbidden by law." In this case, the record is replete with inconsistencies in the testimony of the Lewises evidencing their bad faith in proposing the Chapter 13 plan. First, in the debtors' statement filed on February 8, 1982, Mr. Lewis claimed that he was employed by the University of Maryland, when, in fact, he had not been employed there for five months. Testimony adduced at the hearing clearly shows that Mr. Lewis was not employed at the University of Maryland, but, rather, was drawing unemployment benefits in the amount of $140.00 per week.

Second, Mr. Lewis testified that he and his wife owned a 1969 Rolls Royce which was titled in Mrs. Lewis' name. This is evidence by Loyola Federal Savings & Loan Association Residential Loan Application dated January 2, 1979, which lists the 1969 Rolls Royce as an asset with a value of $30,000.00. Debtor would have the court believe that the auto was transferred in 1980 to a Mr. Charles Jenkins for $28,000.00. However, in 1981 Mr. Lewis applied for a license replacement of Norma J. Lewis, which listed a 1969 Rolls Royce. Testimony of a Detective Gerald Russo shows that the Michigan license plate of the Rolls Royce, LLY–767, was affixed to a 1979 Camaro [1] that was the subject of an investigation to determine whether it was stolen from the Avis Rent-A-Car in Michigan. Detective Russo testified that a comparison of the copy of the rental agreement and known handwriting samples from Mr. Lewis indicated that Mr. Lewis was the person who signed the rental agreement. Moreover, while investigating the debtors' residence at 13709 Bridgewater Drive, Silver Spring, Maryland, he came upon several fur-col-

lared leather jackets. It must be noted that these jackets were not listed on the debtors' schedules.

Moreover, another witness, DeVana Malcolm, stated that she observed Mr. and Mrs. Lewis drive by a jobsite located at 13709 Bridgewater Drive and later, when the house was built, observed the Lewises parking the Rolls Royce in their circular driveway. Furthermore, Mrs. Malcolm testified that she had seen the 1969 Rolls Royce for a short time in 1981.

Additionally, when asked at the first meeting of creditors whether he owned a 1973 Rolls Royce, Mr. Lewis stated that he has never owned one. It has been adduced, however, that he did possess a 1973 Rolls Royce. At the hearing, he testified that he had an interest in the car. The car was titled in the name of T & L Partnership, which was an investment association. He listed on a Residential Loan Application from the Central National Bank of Maryland dated July 12, 1978, a 1973 Rolls Royce as an asset with a value of $36,000.00.

The court finds that there was not honest and complete disclosure in the debtors' financial statement. In addition, the debtors have not exhibited honesty in fact or honesty of intention. *See generally, Barnes v. Whelan,* 689 F.2d 193, 199 (C.A.D.C.1982). As was stated by Judge Choy for the Ninth Circuit:

> Given the nature of bankruptcy courts and the absence of congressional intent to specially define "good faith," we believe that the proper inquiry is whether the Goebs acted equitably in proposing their Chapter 13 plan. A bankruptcy court must inquire whether the debtor has misrepresented facts in his plan, unfairly manipulated the Bankruptcy Code, or otherwise proposed his Chapter 13 plan in an inequitable manner. Though it may consider the substantiality of the proposed repayment, the court must make its good-

---

1. While Congress has considered many improvements for Chapter 13 cases, no proposed legislation went so far as to provide for the thorough investigation of debtors' affairs as accomplished by Detective Russo pursuant to a search warrant issued by the Circuit Court for Montgomery County, Maryland. The effect of granting such powers to a trustee is awesome to consider.

faith determination in the light of all militating factors.

*In Re Goeb,* 675 F.2d 1386, 1390 (9th Cir. 1982). See also, *In Re Walsey,* 7 B.R. 779, 6 BCD 1410 (Bkrtcy.N.D.Ga.1980):

> This court is of the opinion that any person petitioning the Bankruptcy Court for relief has a duty to make full disclosure of his assets as an element of good faith required by 11 U.S.C. Section 1325(a)(3). Failure to do this evidences a lack of good faith on the part of the debtor.

*Id.,* 7 B.R. 779, 6 BCD at 1413.

The District of Maryland will have more than 600 Chapter 13 cases filed each year. Because of the numbers involved, and the lack of creditors with any substantial interests to be vindicated, most of the burden of checking upon debtors' schedules falls upon the Chapter 13 trustee and upon counsel for the Chapter 13 debtor. Much of what the debtor states has to be taken upon faith in view of the lack of ability on the part of the trustee, the court, or the creditors to investigate fully the facts contained in the Chapter 13 Statement and Plan. Only the coincidence of an extraordinary police investigation caused various facts to be uncovered showing clearly that the debtor misrepresented facts in this plan. This would appear to be the substance of what Congress meant by "good faith." Can the court or the trustee or the creditors rely upon the debtors' statement in this case? The answer must be in the negative. *See generally, In Re Deans,* 692 F.2d 968, 9 BCD 994 (4th Cir.1982). (Debtor's honesty in representing facts as part of a criteria check list of good faith).

For the foregoing reasons, the court will enter an order denying confirmation without leave to amend.