**In re Robin DELANY, Debtor.**

**Bankruptcy No. 5–81–01336.**

United States Bankruptcy Court,
D. Connecticut.

April 15, 1983.

Charles B. Angelo, Antollino & Angelo, New Haven, Conn., for debtor.

Paul E. Barrett, Jr., Tobin & Levine, New Haven, Conn., for the creditor, The Union Trust Co.

Daniel Meister, Norwalk, Conn., Trustee.

## MEMORANDUM AND ORDER ON GOOD FAITH UNDER CODE SECTION 1325(a)(3)

ALAN H.W. SHIFF, Bankruptcy Judge.

At the confirmation hearing held in connection with the debtor's third amended Chapter 13 plan, I reserved decision on the question of whether or not the plan met the requirements of 11 U.S.C. § 1325(a)(3).[1]

### I.

The relevant evidence necessary for an analysis of the issue presented follows. The debtor is a business executive at The Southern New England Telephone Co. where her take home pay is approximately $2,300.00 per month. She lives with her fiance and his three children at her residence. The debtor is unmarried and claims four dependents in her Chapter 13 Financial Statement. These dependents, which she accounts for in the budget accompanying

---

1. 11 U.S.C. § 1325(a) sets forth the good faith requirement as follows:

    The court shall confirm a plan if—...

    (3) the plan has been proposed in good faith and not by any means forbidden by law

    . . .

her plan, formed the basis of an objection to her plan by the Union Trust Company, an unsecured creditor.

The debts to be included in her plan total about \$28,000.00.[2] Approximately \$25,000.00 of that amount is unsecured. The debtor proposed to pay \$167.00 per month for 60 months which, after payments to priority claimants, leaves a twenty four percent dividend for unsecured creditors.

Three of the debtor's dependents,[3] as listed on her financial statement, are her fiance's children whom she has supported for thirteen years. No evidence of her finance's financial contributions to the household was offered at the confirmation hearing or revealed in her financial statements.

The debtor lists her mother as the fourth dependent and, according to the budget, pays her mother \$300.00 per month. At the confirmation hearing, however, it was indicated that the debtor's mother, who lives outside the debtor's residence, is not the debtor's "dependent."

## II.

The law emerging under 11 U.S.C. § 1325(a)(3) generally holds that in examining the good faith requirement, bankruptcy courts must assess each case on its own facts and circumstances. *See e.g., In re Estus,* 695 F.2d 311 (8th Cir.1982);[4] *In re Deans,* 692 F.2d 968, 972 (4th Cir.1982); *In re Rimgale,* 669 F.2d 426, 431 (7th Cir.1982); *In re Goeb,* 675 F.2d 1386, 1389–1391 (9th Cir.1982).

Here, the fact that the debtor includes the support of her fiance's children in her Chapter 13 budget does not in and of itself prove a lack of good faith, although the voluntary support of others by a debtor must be closely scrutinized. Such an inquiry in this case discloses that the debtor has supported the children for the last thirteen years and the bond of their relationship to one another cannot be disputed. Indeed, the Union Trust Company considers the payment as "morally righteous,"[5] albeit an unreasonable burden upon creditors. Thus, the debtor's current support of children whom she considers part of her family, cannot be viewed in this case as an effort to defraud creditors through the use of a Chapter 13 plan.

Certain inadequacies in the debtor's disclosure coupled with her payments to her mother, however, lead me to reject the debtor's plan as proposed. For example, the debtor made an inadequate disclosure of her fiance's financial contribution or lack

---

2. The debtor is apparently making payments to a mortgagee outside of her proposed plan.

3. No evidence was offered to prove that the three minor children were the *legal dependents* of the debtor under Connecticut law. However, section 152 of the 1954 Internal Revenue Code includes, in pertinent part, under the provision relating to exemption for dependents, a person who, during the taxpayer's entire taxable year, lives in the taxpayer's home and is a member of the taxpayer's household.

4. The court in *Estus* listed the following considerations *as illustrative:*

[I]n addition to the percentage of repayment to unsecured creditors, some of the factors that a court may find meaningful in making its determination of good faith are

(1) the amount of the proposed payments and the amount of the debtor's surplus;

(2) the debtor's employment history, ability to earn and likelihood of future increases in income;

(3) the probable or expected duration of the plan;

(4) the accuracy of the plan's statements of the debts, expenses and percentage repayment of unsecured debt and whether any inaccuracies are an attempt to mislead the court;

(5) the extent of preferential treatment between classes of creditors;

(6) the extent to which secured claims are modified;

(7) the type of debt sought to be discharged and whether any such debt is nondischargeable in Chapter 7;

(8) the existence of special circumstances such as inordinate medical expenses;

(9) the frequency with which the debtor has sought relief under the Bankruptcy Reform Act;

(10) the motivation and sincerity of the debtor in seeking Chapter 13 relief; and

(11) the burden which the plan's administration would place upon the trustee. [citation omitted]
*Id.*

5. Union Trust Company's Brief in Opposition To Debtor's Plan at 5–6.

thereof. If the debtor is allowed to budget for her friend's children, creditors should, at the very least, be able to inquire as to whether her income includes regular or periodic contributions from her friend. Additionally, although the debtor lists her mother as a dependent on the Chapter 13 Financial Statement, it was acknowledged, at the confirmation hearing, that she was not the debtor's dependent. In fact, there was no claim or evidence at the confirmation hearing that her mother was in need of any financial assistance. This misstatement by itself suggests a lack of good faith as a full disclosure is essential to the administration of every Chapter 13 case.[6] Furthermore, Chapter 13 is not designed to permit debtors to make gifts to nondependent relatives at the expense of creditors. A cursory glance reveals that the debtor planned to pay her mother about three times as much each month as unsecured creditors would receive under the plan. *Cf. In re Fields,* 27 B.R. 98 (Bkrtcy.D.Or.1983); *In re Strong,* 26 B.R. 814 (Bkrtcy.N.D.Ind.1983).

Finally, the debtor's Chapter 13 Financial Statement failed to disclose her intention to rent two vacant rooms in a fifteen room building at $500.00 per month. That amount might well affect the rights of creditors.

In view of the foregoing, it should be, and hereby is, ORDERED that confirmation of the debtor's Third Amended Plan is denied without prejudice, and if the debtor intends to file an amended plan, she is to do so within twenty days of the date of this order.