In re Peter STEVENS, Debtor.

In re George & Edna STAGLIANO, Debtors.

In re Michael & Robin McDEVITT, Debtors.

In re Muriel STUTZBACH, Debtor.

In re Harold & Deborah McLARTY, Debtors.

In re Robert B. & Claudia GARELLI, Debtors.

In re Richard & Donna WHALLEY, Debtors.

In re Humberto & Marlene VERDEZA, Debtors.

Bankruptcy Nos. 880–02394, 880–02246, 880–02106, 880–01952, 880–01949, 880–02465, 880–01766 and 881–83816.

United States Bankruptcy Court, E.D. New York.

Sept. 23, 1983.

Donner, Fagelson, Hariton & Berka, P.C., Bay Shore, N.Y., for Stevens, Stagliano, Stutzbach, and McLarty, debtors.

Bennett, Kaye & Scholly, Rockville Centre, N.Y., for McDevitt, debtor.

Hershman & Leicher, New York City, for Verdeza, debtor.

C. ALBERT PARENTE, Bankruptcy Judge.

The trustee, Richard J. McCord, moves for authorization to turn over to the above-captioned Chapter 13 debtors all "surplus" funds remaining after distribution. The motion has been withdrawn insofar as it pertains to the case of Humberto and Marlene Verdeza.

FACTUAL CONTEXT

According to the trustee, each of the debtors in question has fulfilled the requirements of his or her Chapter 13 plan. The respective plans contain the following standard provision for unsecured claims:

$X per month for 36 months, without interest, which will result in the payment of approximately Y% of the unsecured debts.

Implicit in the calculation of the percentage payment to unsecured creditors is the assumption that all creditors listed in the debtors' schedules would duly file proofs of claim. However, since a number of creditors in each case either failed to file proofs of claim, or filed them in lesser amounts than set forth in the debtors' petitions, the trustee presently holds funds which remain undistributed. The trustee therefore seeks a determination of the court whether such funds should be returned to the debtors or distributed pro rata among the unsecured creditors holding duly allowed claims.

DISCUSSION

It is axiomatic that the provisions of a confirmed plan under Chapter 13 bind the debtor and each creditor. 11 U.S.C. § 1327. The court must therefore look to the language of the respective plans in deciding the instant motion.

The applicable language of the plans, as paraphrased above, calls for the debtors to pay a fixed sum monthly to the trustee, which is designed to result in payment of a certain approximate percentage of the allowed unsecured claims. Manifestly, a prudent construction of the provision requires that the fixed monthly payment be deemed controlling, and that the approximate percentage be viewed as a mere guideline or point of reference.

The percentage figure is not, and is not intended to be, determinative of what the creditors are entitled to receive under the debtors' respective plans. Since the date by which creditors are required to file their proofs of claim often extends beyond the date fixed for confirmation of the debtor's plan, *see* former Bankruptcy Rule 302(e) and present Bankruptcy Rule 3002(c), the debtor does not ordinarily intend to establish an accurate percentage payout at the time of confirmation. Rather, the percentage figure is an approximation intended to be used by the creditors, the trustee and the court in determining whether the given plan passes muster under the confirmation standards of section 1325 of the Bankruptcy Code.

As a prerequisite to confirmation of his plan, the Chapter 13 debtor must demonstrate *inter alia* that the plan has been proposed in "good faith." 11 U.S.C. § 1325(a)(3). Perhaps the most significant indicium of a debtor's good faith is that he is proposing to effectuate a payment plan commensurate with his financial ability. *Matter of Reines,* 30 B.R. 555 (Bkrtcy.D.N.J.1983); Note, *Chapter 13 De Minimis Plans: Toward a Consensus on "Good Faith,"* 9 Hofstra L.Rev. 593 (1981); *see In re Kitchens,* 702 F.2d 885 (11th Cir.1983); *Flygare v. Boulden,* 8 C.B.C.2d 1027, 10 B.C.D. 1044, 709 F.2d 1344 (10th Cir.1983); *In re Estus,* 695 F.2d 311 (8th Cir.1982); *In re Deans,* 692 F.2d 968 (4th Cir.1982); *In re Goeb,* 675 F.2d 1386 (9th Cir.1982); *In re Rimgale,* 669 F.2d 426 (7th Cir.1982). At confirmation, the Chapter 13 debtor implicitly represents to the court that he is offering his creditors what he can reasonably afford to pay. To arbitrarily refund to the debtor moneys he has contributed to his plan would, unless all allowed claims have been satisfied in full, amount to an unintended windfall in contravention of this representation.

Accordingly, the court directs that the trustee distribute the funds in question pro rata among the unsecured creditors, provid-

ed, however, that no creditor shall receive in excess of his allowed claim. Only after all the allowed claims are satisfied in full may the trustee refund any moneys to the debtors.

Except as provided above, the motion is denied. It is SO ORDERED.