802 F.2d 451
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Donald E. Harford; Theda G. Harford, Debtors.
Donald E. HARFORD; Theda G. Harford, Debtors-Appellants,
v.
MOORE BROTHERS COMPANY; Frank Cline & Sons, Inc.; Valley
of Virginia Cooperative Milk Producers
Association, t/a Shenandoah's Pride
Products; Grant County Bank;
John G. Ours,
Creditors-Appellees.
 No. 86-1178.
 United States Court of Appeals,
Fourth Circuit.
 Submitted Aug. 27, 1986.
Decided Oct. 2, 1986.
 
 Donald E. Harford, Theda G. Harford, appellants pro se.
 Jeffrey S. Bowers, Sponaugle, Sponaugle & Bowers, for appellees.
 N.D.W.Va.
 AFFIRMED.
 Before RUSSELL, HALL and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Donald E. Harford and Theda G. Harford, debtors in Chapter 13 bankruptcy proceedings, appeal from an order of this district court affirming a bankruptcy court order (1) refusing to confirm the debtors' Chapter 13 repayment plan and (2) dismissing the Chapter 13 case in its entirety.
 
 
 2
 On August 1, 1985, the debtors filed their joint pro se petition for voluntary Chapter 13 bankruptcy. A hearing pursuant to 11 U.S.C. Sec. 341(a) was held on September 19, 1985. At the hearing, the testimony of the debtors revealed numerous inconsistencies between their testimony and facts stated on their Chapter 13 statement filed on August 1, 1985. For example, the debtors stated in their Chapter 13 statement that they were husband and wife. At the hearing, however, Donald Harford stated that he was single. Theda Harford also refused to cooperate with the trustee, despite being repeatedly asked to do so. On September 20, 1985, the trustee, noting the debtors' misrepresentations, moved to dismiss the petition. On October 10, 1985, certain creditors objected to confirmation of the Chapter 13 plan and moved to dismiss the petition.
 
 
 3
 On October 28, 1985, the bankruptcy court found that the debtors' Chapter 13 plan was not proposed in good faith as required by 11 U.S.C. 3 1325(a) (3) and refused to confirm the plan. The court accordingly dismissed the petition pursuant to 11 U.S.C. 5 1307(c). On appeal, the district court found that the bankruptcy court's finding that the debtors' Chapter 13 plan was not proposed in good faith was not clearly erroneous and affirmed the bankruptcy court order.
 
 
 4
 In Deans v. O'Donnell (In re Deans), 692 F.2d 968 (4th Cir. 1982), this Court held that "the totality of the circumstances must be examined on a case by case basis" in determining whether a plan meets the general good faith standard of Sec. 1325(a) (3). Id. at 972. One factor in determining good faith is the debtors' honesty in representing facts. Id.; In re Lewis, 26 Bankr. 379 (Bankr. D. Md. 1982). The Eighth Circuit Court of Appeals has expanded the Deans catalogue of factors to include "the burden which the plan's administration would place upon the trustee." United States v. Estus (In re Estus), 695 F.2d 311, 317 (8th Cir. 1982). Misrepresentations place a burden on the trustee because "most of the burden of checking upon debtors' schedules falls upon the Chapter 13 trustee and upon counsel for the Chapter 13 debtor." In re Lewis, supra, at 381.
 
 
 5
 After examination of the record, we think that the evidence amply supports the bankruptcy court's ultimate finding that the debtors had not acted in good faith. Accordingly, because oral argument would not aid the decisional process, we dispense with it and affirm the judgment of the district court. The debtors' motions for stay are dismissed as moot.
 
 
 6
 AFFIRMED.