**In re Angela L. WATERS, Debtor.**

**Bankruptcy No. 98–02459.**

United States Bankruptcy Court, W.D. Virginia, Charlottesville Division.

Nov. 20, 1998.

Roy D. Bradley, Madison, VA, for Debtor.

Steven L. Higgs, Roanoke, VA, for Chrysler Financial Corp.

Helen P. Parrish, Charlottesville, VA, Chapter 13 Trustee.

## MEMORANDUM OPINION

WILLIAM E. ANDERSON, Bankruptcy Judge.

This matter comes before the Court pursuant to the objections to confirmation filed by Chrysler Financial Corporation ("Chrysler") and the Chapter 13 Trustee (the "Trustee")(collectively, the "objecting parties"). The objections question the debtor's good faith in filing her present Chapter 13 petition and plan less than a month after she received a Chapter 7 discharge, a practice commonly referred to as a "chapter 20" bankruptcy.

### Facts

The debtor in this case filed a Chapter 7 petition with this court on April 27, 1998. No assets were recovered from the debtor, and no distributions were made to her creditors. On July 21, 1998, she received her Chapter 7 discharge, and her case was closed immediately thereafter. On August 7, 1998, the debtor filed the present Chapter 13 petition and proposed her Chapter 13 plan (the debtor's "plan") which is now before the Court for confirmation.

The debtor claims to have filed her original Chapter 7 petition after becoming unemployed in December, 1997, and separating from her previous husband that winter. In filing that petition, the debtor listed her intention to reaffirm her debt with Chrysler in order to keep her vehicle, a 1993 Eagle Talon. The debtor maintains that she thereafter attempted negotiations with Chrysler during that Chapter 7 but never reached an agreement to reaffirm the debt prior to the close of her case on July 21, 1998.

While her Chapter 7 case was pending, the debtor secured part time employment, and then remarried later that summer. On Au-

gust 7, 1998, the debtor filed her petition under Chapter 13 of the Bankruptcy Code. The debtor asserts that she did not originally plan to file a Chapter 13 petition after receiving her Chapter 7 discharge; however, she did so in order to prevent the repossession of her vehicle that she maintains is necessary for her continued employment.

At the hearing on confirmation of the debtor's Chapter 13 plan, the objecting parties did not contest the debtor's assertions of the factual circumstances surrounding the filing of her bankruptcy petitions. Instead, Chrysler and the Trustee focused their argument on the application of the good faith standard found in Bankruptcy Code § 1325(a)(3) to those facts and to the debtor's proposed plan.

## Discussion

Before the Court for its consideration is the confirmation of the debtor's proposed Chapter 13 plan. Since the debtor discharged her personal obligations in her Chapter 7 bankruptcy and incurred no additional debts thereafter, the debtor's plan purports to fully satisfy her only remaining claim, the in rem claim of Chrysler secured by the debtor's vehicle. The debtor's plan proposes to pay the full balance of Chrysler's claim over 24 months.[1] Accordingly, the issue this Court is called upon to decide is whether the debtor's Chapter 13 plan "has been proposed in good faith". Bankruptcy Code § 1325(a)(3).

To begin its analysis of this case, the Court initially turns to the Supreme Court's decision in *Johnson v. Home State Bank*, 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991). The *Johnson* decision is relevant for two primary reasons. Not only did it clarify that a Chapter 13 debtor's plan may include the in rem claim of his or her creditor after the debtor's personal liability to that creditor is discharged in a Chapter 7 bankruptcy, but

it also cautiously approved of such chapter 20 scenarios. *Id.* at 87, 111 S.Ct. 2150. Although it held that the Bankruptcy Code did not prohibit the filing of a Chapter 13 petition on the heels of a Chapter 7 discharge, the Supreme Court suggested that such efforts would still have to survive the confirmation standards of § 1325, including that a Chapter 13 plan must be proposed in good faith. *Id.* The Supreme Court, however, declined to elaborate on the application of the good faith standard to chapter 20 situations. *Id.* Thus, this Court looks to the Fourth Circuit for further guidance.

The leading Fourth Circuit authority on good faith is *Deans v. O'Donnell*, 692 F.2d 968 (4th Cir.1982). In analyzing § 1325(a)(3), the Fourth Circuit advised courts to examine the totality of the circumstances of each case to determine if the debtor has met the good faith requirements. *Deans* at 972. "The object of the inquiry is to determine whether or not, considering 'all militating factors,' there has been 'an abuse of the provisions, purpose, or spirit' of Chapter 13 in the proposal or plan." *Neufeld v. Freeman*, 794 F.2d 149, 152 (4th Cir.1986)(citing *Deans* at 972 and quoting 9 *Collier on Bankruptcy* 9.20 at 319 (14th ed.1978)). To assist in the inquiry, the *Deans v. O'Donnell* opinion developed the following nonexclusive list of factors to consider when analyzing the good faith provisions of Bankruptcy Code § 1325(a)(3):

1. the percentage of proposed repayment
2. the debtor's financial situation
3. the period of time payment will be made
4. the debtor's employment history and prospects
5. the nature and amount of unsecured claims
6. the debtor's past bankruptcy filings

---

1. At the confirmation hearing, Chrysler's counsel noted that the actual amount stated on the plan was insufficient to pay Chrysler's full claim, including interest, costs and attorneys' fees. Debtor's counsel, however, responded that the debtor expected to pay and would in fact pay the claim in full, including the additional charges cited by Chrysler; the debtor was simply unaware of the exact amount of the full claim of Chrysler when the plan was proposed. Accordingly, based on the affirmations of counsel for the debtor at the hearing, the Court, as it weighs this issue of confirmation, reads the debtor's plan as paying the full amount of Chrysler's claim, whatever it may be once appropriate interest, costs, and attorney's fees are included. Therefore, the only remaining question before the Court, pursuant to the objections of Chrysler and the Trustee, is the availability of the chapter 20 procedure under the circumstances of this case.

7. the debtor's honesty in representing facts

8. any unusual or exceptional problems facing the particular debtor. *Id.* at 972.

Of course, neither *Deans v. O'Donnell* nor the Fourth Circuit's follow up case of *Neufeld v. Freeman* involved chapter 20 situations. However, two recent bankruptcy cases from the Eastern District of Virginia have applied the *Deans* factors to confirmation of debtors' plans in chapter 20 situations. *In re Cushman,* 217 B.R. 470 (Bankr.E.D.Va. 1998); *In re Craig,* 222 B.R. 266 (Bankr. E.D.Va.1998).

The court in *In re Cushman* initially considered the *Deans* factors but also proposed the following four additional factors for determining whether a Chapter 13 plan, offered in the context of a chapter 20, has been proposed in good faith.

1. The proximity in time of the Chapter 13 filing to the Chapter 7 filing.

2. Whether the debtor has incurred some change in circumstances between the filings that suggests a second filing was appropriate and that the debtor will be able to comply with the terms of a Chapter 13 plan.

3. Whether the two filings accomplish a result that is not permitted in either chapter standing alone.

4. Whether the two filings treat creditors in a fundamentally fair and equitable manner or whether they are rather an attempt to manipulate the bankruptcy system or are an abuse of the purpose and spirit of the Bankruptcy Code. *In re Cushman,* 217 B.R. 470, 477 (Bankr.E.D.Va.1998).

Those additional factors were then adopted and closely followed in a second Eastern District chapter 20 case, *In re Craig,* 222 B.R. 266, 271 (Bankr.E.D.Va.1998). In both cases, *Cushman* and *Craig,* the application of the factors led each of the respective courts to conclude that the plans were not proposed in good faith, and the debtors' plans were denied confirmation based on Bankruptcy Code § 1325(a)(3). 217 B.R. at 479, 222 B.R. at 272.

In *Cushman,* Judge Mitchell noted concern that the debtor's plan extended beyond 36 months without an appropriate showing of cause. 217 B.R. at 478. Judge Mitchell also strongly questioned the honesty of the debtor in her representations in her schedules, and the debtor failed to demonstrate a change in circumstances between her Chapter 7 and Chapter 13 petitions. *Id.* Furthermore, the debtor's plan proposed to strip down the lien of the sole secured creditor and merely pay the replacement value of the collateral since the debtor's personal liability had been discharged in the Chapter 7. *Id.*

Then in *Craig,* Judge Bostetter cited many of the same points in his opinion. Specifically, the debtor in that case offered a lengthy, 48 month plan without a proper showing of cause; the debtor failed to adequately show a change in circumstances leading to the Chapter 13 filing; and the plan proposed to strip down of the creditor's lien to the replacement value of its collateral. *Id.* at 271–272. Most compelling to the *Craig* Court, however, the debtor sought to treat its sole remaining creditor in a "fundamentally unfair and inequitable manner," contrary to the spirit of the Bankruptcy Code's provisions. *Id.* at 272.

■ In contrast to conclusions of the courts in *Cushman* and *Craig,* this Court finds that the debtor in the present case has proceeded in good faith. In making this determination, the Court notes that it has also followed the additional factors developed in *Cushman* and *Craig* for analyzing good faith in a chapter 20 context. Although the Court finds these factors to have been particularly helpful in this case when considered alongside the *Deans* factors, the Court cautions that these factors should not be considered as, nor were they originally intended to be, an exhaustive or exclusive list of considerations. *Deans* at 972.

■ After carefully applying these factors, the Court finds that the debtor in this case has not abused the provisions, purpose, or spirit of the Bankruptcy Code through her successive petition filings. Although the Court recognizes that the debtor's Chapter 13 was filed before the ink on her Chapter 7 discharge was dry, the Court is not persuaded that she acted in bad faith.

The debtor's initial Chapter 7 petition resulted from her recent unemployment and the breakdown of her marriage. After later finding employment, the debtor developed a need for transportation; however, she also gained a means to fund a Chapter 13 plan and consequently a means to pay for that transportation. Accordingly, the filing of the debtor's subsequent Chapter 13 petition can be explained by a reasonable change in circumstances occurring after her original petition. *In re Metz*, 820 F.2d 1495, 1498 (9th Cir.1987)(holding debtor's increased salary was the type of bona fide change in circumstances that the bankruptcy court should examine to determine whether successive filings are proper).

Furthermore, the debtor appears to enter this Chapter 13 with clean hands. In fact, neither of the objecting parties have questioned the debtor's honesty in her representations of facts to the Court, nor have they challenged the stability of her new employment or her ability to make her plan payments.

Of greatest importance to the Court in this case, however, is that the debtor is not attempting to manipulate the bankruptcy system in a manner that would treat Chrysler unfairly or inequitably. *Craig* at 272. The debtor in this case actually attempted negotiations with Chrysler to reaffirm her debt and keep her vehicle during her Chapter 7 case. For whatever reason, those negotiations did not result in an agreement, and Chrysler was left with its right to repossess its collateral. The debtor then filed the present Chapter 13 petition and plan. In her plan, however, the debtor is not attempting to strip down Chrysler's lien to the replacement value of the vehicle. Instead, the debtor's plan is intended to pay Chrysler their oversecured claim in full, including interest, costs and attorney's fees, over a 24 month period. In light of the factual circumstances leading up to the debtor's Chapter 13 petition, her proposal to pay the entire balance of Chrysler's claim in such a timely fashion can hardly be construed as bad faith.

### Conclusion

Accordingly, the objections of Chrysler and the Trustee are DENIED, and the debt-

or's plan, providing for the full payment of Chrysler's claim, shall be confirmed upon the submission of an appropriate order of confirmation prepared by the Trustee.