James Dickson PHILLIPS, Circuit Judge:
 

 William Neufeld, an unsecured creditor, appeals the district court’s order affirming the bankruptcy court’s confirmation of a plan proposed by the debtor, Susan Freeman, in connection with her petition for debt adjustment under Chapter 13. Neu-feld contends that Freeman’s plan was not proposed in good faith as required by 11 U.S.C. § 1325(a)(3).
 
 [1]
 
 Specifically, Neufeld argues that both the bankruptcy and district courts erred in refusing to consider either Freeman’s pre-petition conduct, which arguably would have rendered Neu-feld’s claim nondischargeable in Chapter 7, or her recent discharge in a previous Chapter 13 case, as bearing on the question of her good faith in proposing the plan. We agree, and hold that both pre-petition conduct and prior bankruptcy filings by the debtor may be relevant to the good faith inquiry under § 1325(a)(3). We therefore vacate and remand for reconsideration of Freeman’s plan.
 

 I
 

 From 1976 through 1982, Neufeld delivered to Freeman various oriental art objects and antiques for appraisal and sale, on a commission basis, both while Freeman was employed by an art dealer and later when she started her own art and antique dealership. A consignment agreement authorized Freeman to sell the items for as little as 80% of their appraised value.
 

 On August 10, 1983, after Freeman had moved to Chicago and had neglected to return or otherwise adequately account for many of the objects on consignment, Neu-feld filed a petition for attachment in the Charlottesville Circuit Court seeking a judgment against Freeman for wrongful conversion. A default judgment for $30,-785 was entered in favor of Neufeld on October 13. Thereafter, on November 8, Freeman filed a petition under Chapter 7 and a motion to quash the levy that Neu-
 
 *151
 
 feld had effected on all of her assets pursuant to the attachment proceedings. The motion to quash was granted. Freeman had received a discharge in a previous Chapter 13 proceeding approximately three months earlier, on August 3.
 

 On February 10, shortly after Neufeld had filed a complaint to determine the dis-chargeability of this claim, Freeman converted her Chapter 7 proceeding to one under Chapter 13, and later filed the plan here in issue. Neufeld’s claim for $30,-403.10
 
 [2]
 
 (calculated as 80% of the appraised value of the consigned goods less a 30% commission) was allowed over Freeman’s objection that the obligation should be limited to amounts she claims actually to have received for the goods, approximately $3,600. Neufeld’s claim represents more than one-third of Freeman’s total unsecured debt.
 

 The plan provided for payment in full of Freeman’s secured creditors out of proceeds from the sale of her home in Char-lottesville, now in the possession of the Chapter 13 trustee. Unsecured creditors would receive pro-rata shares of the excess proceeds from this home sale, any funds generated by Freeman's alleged $10,000 claim against her former employer and by virtue of an assignment of her interest in and right to the capital stock of her art dealership, and payments for three years of $250 monthly, from the $382.50 net income she receives on account of her part-time employment in a physician’s office. The bankruptcy court found that over the course of three years, the plan would discharge at least 30% of Freeman’s unsecured debt.
 

 Neufeld objected to the plan on the ground that it was not proposed in good faith, pointing particularly to the debtor’s conduct giving rise to Neufeld’s claim and to her prior bankruptcy filings. The bankruptcy court disagreed, essentially declining to consider the debtor’s pre-petition conduct or early bankruptcy filings, dismissed Neufeld’s objections, and confirmed the plan. The district court affirmed and this appeal followed.
 

 II
 

 A.
 

 Although most debts, whatever their origins, are dischargeable upon confirmation of a Chapter 13 plan, 11 U.S.C. § 1328(a),
 
 [3]
 
 the discharge provisions of Chapter 7 are relatively limited, especially with respect to claims arising out of or in connection with debtor misconduct.
 
 See
 
 11 U.S.C. § 523(a). Accordingly, Freeman’s pre-petition failure adequately to account for the consigned goods, which precipitated Neufeld’s state law action and judgment for wrongful conversion, arguably would render that claim nondischargeable in a Chapter 7 case.
 
 [4]
 

 See
 
 11 U.S.C. § 523(a)(2), (4), (6). Both the bankruptcy and district courts nevertheless refused to consider Freeman’s pre-filing conduct in determining that her plan had been proposed in good faith within the meaning of § 1325(a)(3).
 
 [5]
 
 According to the district
 
 *152
 
 court, a debtor’s pre-petition conduct, however egregious, is “simply outside the scope” of the Bankruptcy Act. Although we certainly agree that a debtor’s pre-petition culpability is not a basis, standing alone, for denying her the benefits of the bankruptcy law, we do not agree that it is a wholly irrelevant matter in determining whether to confirm a Chapter 13 plan.
 

 In
 
 Deans v. O’Donnell,
 
 692 F.2d 968 (4th Cir.1982), we held that “the totality of circumstance must be examined on a case by case basis” in determining whether a plan meets the general good faith standard of § 1325(a)(3).
 
 Id.
 
 at 972. Factors to be considered include, but are not limited to, the percentage of proposed repayment, the debtor’s financial situation, the period of time payment will be made, the debtor’s employment history and prospects, the nature and amount of unsecured claims, the debtor’s past bankruptcy filings, the debt- or’s honesty in representing facts, and any unusual or exceptional problems facing the particular debtor.
 
 Id.
 
 The object of the inquiry is to determine whether or not, considering “all militating factors,” there has been “an abuse of the provisions, purpose, or spirit” of Chapter 13 in the proposal or plan.
 
 Id., quoting
 
 9 Collier on Bankruptcy 9.20 at 319 (14th ed. 1978).
 

 Although
 
 Deans
 
 did not refer specifically to a debtor’s prepetition conduct in its non-exhaustive list of factors relevant to the good faith inquiry, a majority of courts addressing the issue have expressly considered evidence of pre-filing conduct and the possible nondischargeability (under Chapter 7) of objecting creditors’ claims in evaluating a debtor’s good faith under § 1325(a)(3).
 
 See, e.g., In re Chase,
 
 43 B.R. 739 (Bankr.D.Md.1984) (remanding for consideration of evidence that claim based on consent judgment arose out of promise by creditor not to testify at debtor’s sentencing hearing following his conviction for sexually assaulting creditor’s daughter);
 
 Matter of Wall,
 
 52 B.R. 613 (Bankr.M.D.Fla.1985) (considering evidence that adverse state court judgment was based on breach of fiduciary duty by debtor);
 
 In re Otero,
 
 48 B.R. 704 (Bankr.E.D.Va.1985) (considering evidence that claim by Navy for overpayments to debtor arose out of debtor’s willful misrepresentations);
 
 In re Chura,
 
 33 B.R. 558 (Bankr.D.Colo.1983) (considering evidence that judgment for wrongful conversion would be nondis-chargeable in Chapter 7);
 
 Matter of Marlow,
 
 3 B.R. 305, 309 (Bankr.N.D.Illl.1980) (considering evidence that creditor advanced money in reliance on false representations by debtor, resulting in “bona fide threat of non-dischargeable debt”). The Eighth Circuit has expanded the
 
 Deans
 
 cat-alogue of factors to include “the type of debt sought to be discharged and whether any such debt is nondischargeable in Chapter 7.”
 
 In re Estus,
 
 695 F.2d 311, 317 (8th Cir.1982).
 
 See also In re Kitchens,
 
 702 F.2d 885, 889 (11th Cir.1983);
 
 Memphis Bank & Trust Co. v. Whitman,
 
 692 F.2d 427, 432 (6th Cir.1982).
 

 We share the view of these courts that although the discharge of an obligation which would be nondischargeable in Chapter 7 is not, standing alone, a sufficient basis on which to find bad faith or deny confirmation, it is a relevant factor to be considered in the § 1325(a)(3) good faith inquiry. Resort to the more liberal discharge provisions of Chapter 13, though lawful in itself, may well signal an “abuse of the provisions, purpose, or spirit” of the
 
 *153
 
 Act, especially where a major portion of the claims sought to be discharged arises out of pre-petition fraud or other wrongful conduct and the debtor proposes only minimal repayment of these claims under the plan. Similarly, a Chapter 13 plan may be confirmed despite even the most egregious pre-filing conduct where other factors suggest that the plan nevertheless represents a good faith effort by the debtor to satisfy his creditors’ claims.
 

 This approach is not at cross-purposes with the admittedly liberal provisions of Chapter 13, under which debts resulting from illegal acts such as embezzlement, fraud, and willful and malicious injury, ordinarily may be discharged. Rather, it ensures against manipulation of the statute by debtors who default on obligations grounded in dishonesty and who subsequently seek refuge in Chapter 13 in order to avoid, at minimal cost, a nondischargeable debt.
 
 In re Chase,
 
 43 B.R. at 743-44;
 
 In re Meltzer,
 
 11 B.R. 624, 627 (Bankr.E.D.N.Y.1981). Unless such pre-petition misconduct may be factored into the § 1325(a)(3) good faith equation, affected creditors, who might indeed fare substantially better under Chapter 7, with its stricter discharge provisions, would be unable effectively to challenge an offending plan.
 

 Of course the issue of dischargeability in Chapter 7 need not, and cannot, be litigated to conclusion in every Chapter 13 confirmation proceeding. Where significant claims involve conduct that would otherwise raise serious Chapter 7 dischargeability issues, however, the quality of that conduct is part of the “totality of circumstances” which must be weighed, with other factors, in assessing the debtor’s good faith under Chapter 13.
 

 B.
 

 For similar reasons, we hold that the district court erred in declining to consider Freeman’s recent discharge in a previous Chapter 13 case as possible evidence of bad faith in proposing her plan.
 
 [6]
 

 Deans
 
 expressly refers to “the debtor’s past bankruptcy filings” as relevant, in appropriate cases, to the good faith inquiry under § 1325(a)(3). 692 F.2d at 972. Although prior filings do not affect discharge under the more liberal provisions of Chapter 13, a Chapter 7 discharge is unavailable for six years following a previous discharge in bankruptcy, except in limited circumstances. 11 U.S.C. § 727(a)(8), (9). Thus, as with claims which would be nondischargeable in Chapter 7 based on debtor misconduct, evidence of prior filings which would, as in this case, preclude discharge under Chapter 7, may militate against confirmation of a Chapter 13 plan.
 

 III
 

 Because both the bankruptcy court and the district court declined to consider Freeman’s pre-petition conduct and recent discharge under Chapter 13 in making the § 1325(a)(3) good faith inquiry, we think that the order of confirmation must be vacated and the case remanded for reconsideration of Neufeld’s objections. In doing so, we do not purport to determine that had these been considered the plan would not have been confirmed. Nor do we express any opinion as to whether they should now tip the scales against confirmation. We hold only that it was error to fail to weigh them in the balance, and that the objecting creditor was entitled to have them so considered. Because we are not prepared on the other hand to say that as a matter of law they could not have affected the result, the creditor is entitled to the remedy of a remand for reconsideration in
 
 *154
 
 light of this opinion. The order of confirmation is accordingly vacated and the case remanded for further proceedings.
 

 VACATED AND REMANDED.
 

 [1]
 

 . Section 1325(a)(3) provides, as one condition of confirmation, that "the plan has been proposed in good faith and not by any means forbidden by law.”
 

 [2]
 

 . The discrepancy between the allowed claim ($30,403.10) and the amount of Neufeld’s state court judgment for wrongful conversion ($30,-785) was not explained by the bankruptcy court.
 

 [3]
 

 . Section 1328(a) provides that
 

 (a) As soon as practicable after completion by the debtor of all payments under the plan, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt—
 

 (1) provided for under section 1322(b)(5) of this title; or
 

 (2) of the kind specified in section 523(a)(5) of this title.
 

 [4]
 

 . Because Freeman converted her proceeding to Chapter 13 shortly after Neufeld filed his objections to discharge under Chapter 7, the dis-chargeability issue was not resolved through litigation.
 

 [5]
 

 . The bankruptcy court concluded that,
 

 While
 
 the honesty or dishonesty of the debt- or
 
 in the underlying basis of the claim of Mr. Neufeld may be subject to some question, it
 
 has no bearing on her good faith in proposing a Chapter 13 plan of repayment.
 
 (Emphasis added.)
 

 In its ruling affirming the bankruptcy court, the district court agreed:
 

 
 *152
 
 the creditor ... makes much of the prior activities of the debtor. This is a bankruptcy proceeding. There may very well be potential activity on the criminal side, relating to that prior conduct. This Court neither condones nor approves, nor condemns, the prior conduct, because it is simply outside the scope of the activity of this Court. We are in here under the Bankruptcy Act, and only under that Act.
 

 [[Image here]]
 

 Many a rogue and scoundrel comes into bankruptcy. Many a convict comes into bankruptcy. Many people whose conduct prior to bankruptcy cannot be considered ideal come into bankruptcy. That is one of the functions of the bankruptcy system; that is, to take this person who may have come to a
 
 locus poeni-tentiae,
 
 to assist in relieving from the pressure of debtor to reorganize under Chapter 11 or Chapter 13 and go forward.
 

 [6]
 

 . According to the district court,
 

 It is certainly true that there is a six-year limitation as to refiling a Chapter 7 proceeding. That is clearly spelled out in the Act itself.
 

 It is significant to the Court, however, that there is no limitation of any sort concerning a refiling as to a Chapter 13. It is difficult for the Court to believe that the Congress, inadvertently, overlooked a similar provision for Chapter 13, and there is nothing in the record that the Court can find that indicates that any such overlooking was done.