900 F.2d 254
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
PROVIDENT STATE BANK OF PRESTON, MARYLAND, Plaintiff-Appellant,
v.
John B. HUBBARD; Marsha W. Hubbard, Defendants-Appellees.
 No. 88-1355.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 4, 1989.
Decided March 12, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Walter E. Black, Jr., District Judge. (CA-88-609-B).
 David Simson Musgrave, Semmes, Bowen & Semmes, Baltimore, Md., for appellant.
 Alexander Gordon, IV, Easton, Md., for appellees.
 D.Md.
 AFFIRMED.
 Before DONALD RUSSELL, WIDENER, and K.K. HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Provident State Bank appeals from the district court's order affirming the bankruptcy court confirmation of the Chapter 13 plan proposed by the debtors, John and Marsha Hubbard. Finding no error in the confirmation of the plan, we affirm.
 
 
 2
 * In January 1986, the Hubbards filed a voluntary petition in bankruptcy under Chapter 7 of the Bankruptcy Code. Provident filed a complaint challenging the dischargeability of a debt on the grounds that the Hubbards submitted a false financial statement in connection with the refinancing of a loan. Specifically, the bank charged that the Hubbards had failed to list a second mortgage on their home. In a bench ruling issued on January 6, 1987, the bankruptcy court ruled that the debt was nondischargeable and subsequently entered judgment on January 13, 1987, in favor of Provident in the amount of $22,750, plus attorney's fees.
 
 
 3
 On January 12, 1987, the debtors moved to convert their case to one under Chapter 13. This conversion motion was granted on February 3, 1987, and the debtors subsequently filed a Chapter 13 plan. Under this plan, as amended, the debtors proposed to pay $225.70 per month for three years. This would have the effect of paying off approximately 12.4% of their total unsecured debt. Provident, whose $26,824 claim comprised more than 86% of the total unsecured debt, would receive only about $3,200 under the plan. Provident objected to the plan, but the bankruptcy court adopted the bankruptcy trustee's recommendation and entered an order confirming the plan on September 24, 1987. On appeal by Provident, the district court affirmed. This appeal followed.
 
 II
 
 4
 On appeal, Provident contends that the bankruptcy court erred in finding (1) that the debtors' Chapter 13 plan was proposed in good faith and (2) that the value to be distributed to unsecured creditors under the plan was as much as such creditors would have received in a Chapter 7 liquidation. We address each of these arguments in turn.
 
 
 5
 To be confirmed, a Chapter 13 plan must be found to have been "proposed in good faith." 11 U.S.C. Sec. 1325(a)(3). The factors to be considered in determining whether this good faith requirement has been met include: (1) the percentage of the proposed repayment; (2) the debtor's financial situation; (3) the period of time payment will be made; (4) the debtor's employment history and prospects; (5) the nature and amount of unsecured claims; (6) the debtor's past bankruptcy filings; (7) the debtor's honesty in representing facts; and (8) any unusual or exceptional problems facing the particular debtor. Deans v. O'Donnell, 692 F.2d 968, 972 (4th Cir.1982). Pre-filing conduct and the nondischargeability under Chapter 7 of certain claims are also factors in evaluating a debtor's good faith. Neufield v. Freeman, 794 F.2d 149, 152 (4th Cir.1986). Using these factors, the bankruptcy court is required to examine the "totality of circumstances" in each case to determine if the proposed plan violates the purpose or spirit of Chapter 13 of the Bankruptcy Code. Id. On appeal, the lower court's findings of fact will be upheld unless clearly erroneous.
 
 
 6
 In addition to the low percentage of repayment (12.4%) and the fact that only a three-year plan was being proposed, Provident's primary objection to the proposed plan is that the debtors' lack of good faith was demonstrated by the attempt to convert from Chapter 7 immediately after the debt to Provident was declared to be nondischargeable. After review of the bankruptcy court's findings with regard to each of these objections, we conclude that the district court was correct in its ruling that the findings were not clearly erroneous. We will discuss each of these components of Provident's "good faith" objection separately.
 
 
 7
 In Deans, this court expressly rejected grafting a per se rule of substantial payment onto the good faith requirement. The bankruptcy court in the instant case stated that, "in the context of what [the debtors] own, what they earn, and what they are paying back, ... a 12 percent return on this is not all that bad." Provident nowhere presented any evidence that the debtors could reasonably afford to pay a greater percentage, and we are not prepared to say that a 12% payment plan is per se insufficient.
 
 
 8
 Neither does the debtors' choice of a three-year repayment schedule, coupled with the relatively low repayment percentage, compel a finding of bad faith. Upon a showing of cause, the court may approve a payment plan over a period longer than three years, but only up to a maximum of five years. 11 U.S.C. Sec. 1322(c). We agree with the district court that the bankruptcy court adequately weighed this factor under the "totality of circumstances" presented. The debtors' apparent failure to seek an extension beyond three years does not overcome the other indicia of good faith.
 
 
 9
 Provident's primary attack on the debtor's good faith concerns the nondischargeability ruling in the prior Chapter 7 case. While the pre-filing conduct giving rise to nondischargeability is a relevant factor in the good faith inquiry, nondischargeability standing alone is an insufficient basis upon which to find a lack of good faith. Neufield, 794 F.2d at 152. The bankruptcy court noted that the Chapter 7 dischargeability dispute was "a very close case." Given the trial court's own evaluation of that case and the relatively technical nature of the violation, the pre-filing conduct does not negate those other factors tending to support a finding of good faith.[1] We hold, then, that the finding that the plan was proposed in good faith was not clearly erroneous.
 
 III
 
 10
 The second prong of Provident's objection to the plan is that it does not comply with the statutory requirement that the unsecured creditors receive as much under a Chapter 13 plan as they would have received in a Chapter 7 liquidation. 11 U.S.C. Sec. 1325(a)(4). This issue centers on the value placed on the real estate by the debtors and the bankruptcy court's acceptance of such value. Provident points to recent loan applications in which the Hubbards placed a value on their real estate in the $60,000-$65,000 range.[2] However, the bankruptcy court stated that the valuation in a loan application is not determinative and does not foreclose the debtors from assigning a lower value later on. In any event, Provident failed to rebut the debtors' valuation through an appraisal. Therefore, the bankruptcy court did not clearly err in accepting this valuation.
 
 AFFIRMED
 
 
 [1]
 The district court noted several factors tending to support the bankruptcy court's "good faith" determination: both debtors had obtained stable employment; both had apparently been honest in their statements of income and expenses; neither had been involved in prior bankruptcy proceedings; and there appeared to be no unusual problems facing them
 
 
 [2]
 In their petition, the debtors listed the value of their real property as $40,000. This value, after subtraction of outstanding mortgages and exemptions, would leave no economic value for unsecured creditors