**In re Daved G. THORSTED, Debtor.**

**Bankruptcy No. 93–31583–S.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

July 29, 1993.

---

**6**

Gary M. Nuckols, Durrette, Irvin, Lemons & Fenderson, PC, Fredericksburg, VA, for debtor.

John R. Sloan, Mays & Valentine, Richmond, VA, for creditor.

Robert E. Hyman, Trustee, Richmond, VA, U.S. Trustee.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY,
Bankruptcy Judge.

This matter comes before the Court on an objection to confirmation filed May 7, 1993, by BankAmerica National Trust Company (New York), (the "creditor"). The creditor alleges that the Chapter 13 plan of David G. Thorsted (the "debtor") filed April 17, 1993, fails to cure default on a secured claim and improperly modifies the rights of a holder of a secured claim secured only by a security interest in real property that is the debtor's principal residence in violation of 11 U.S.C. § 1322(b)(2) and (b)(5). The creditor also moves to dismiss the case

with prejudice on the grounds that the objections are incurable and that the creditor would be prejudiced by delay. After considering the evidence and arguments presented at a hearing on June 16, 1993, and in briefs submitted by the parties, this Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

On May 27, 1988, the debtor and Maria L. Thorsted, who was then his wife, borrowed $200,000 from Dominion Federal Savings and Loan Association. The loan is evidenced by an adjustable rate, 20–year note requiring monthly payments of principal and interest (the "note"). An acceleration clause provides that the full unpaid balance of the principal plus interest will be due immediately upon 30 days notice of a default, such as the failure to make the monthly payments when due. A deed of trust on the borrowers' principal residence in Fredericksburg, Virginia secures the note. The deed of trust provides that, in the event of default on the note and notice, the lender may accelerate all amounts due and may sell the property to pay the debt. Through a change of name, an assignment of interest and a corporate merger, a series of financial institutions ending with BankAmerica National Trust Company (New York) came to stand in the position of Dominion Federal Savings and Loan Association as the creditor under the note and the secured party under the deed of trust. For purposes of this opinion, each of the successive creditors under the note are assumed to be fully responsible for the actions of their predecessors, and each is referred to as the "creditor" during the period that they held the note.

The debtor failed to pay the monthly installment of principal and interest that came due under the note on January 1, 1991. The creditor gave notice of default to the debtor thereby accelerating the indebtedness under the note. . The debtor has made no payments under the note since December 1990. The parties state that both have made various offers to cure the default and decelerate the debt. Neither

party presented sufficient evidence to prove whether agreements were reached in those discussions. As of April 27, 1993, the arrearages accrued under the note were approximately $62,230.06 and the total payoff was approximately $250,206.25.

The debtor filed a Chapter 7 petition on April 2, 1991. He did not reaffirm his indebtedness under the note, and received a discharge of all personal liability under the note on July 24, 1991. The debtor's former wife, Maria L. Thorsted, filed a Chapter 7 petition in July 1991 and received a discharge of all her personal liability under the note on October 23, 1991. The creditor commenced foreclosure proceedings on the debtor's residence and scheduled a foreclosure sale for April 13, 1993. On April 12, 1993, the debtor filed the current Chapter 13 petition which constituted an order for relief under that chapter and operated as an automatic stay of the creditor's foreclosure sale. 11 U.S.C. § 362. On April 27, 1993, the debtor filed a Chapter 13 plan that would cure a $54,693.72 pre-petition default over 42 months and decelerate the balance due on the note to reinstate the note's original 20–year term as scheduled before the acceleration.

The creditor argues three independent reasons why the debtor's plan should not be confirmed. First, in proposing to pay less than the actual arrearage due to the creditor, the plan fails to cure the default in violation of 11 U.S.C. § 1322(b)(5). The debtor concedes this error and agrees that if the creditor's other objections are overruled, it will amend the plan to include the correct arrearage amount. Second, the creditor argues that the plan improperly modifies its rights since the Code prohibits a plan from modifying the rights of a holder of a claim secured by a security interest in real property that is the debtor's principal residence. 11 U.S.C. §§ 1322(b)(2). The only exception to § 1322(b)(2) is § 1322(b)(5) which allows a plan to cure a default within a reasonable time in cases where the final payment on the note is not due until after the completion of the plan. *See* 11 U.S.C. §§ 1322(b)(5). The creditor argues that prior default and notice accel-erated the payments under the note making the final payment in full immediately due and payable, not due after the date on which final payment under the plan is due. See 11 U.S.C. § 1322(b)(5). The creditor further argues that *In re Hundley,* 99 B.R. 306 (Bankr.E.D.Va.1989) requires that for § 1322(b)(5) to allow modification not withstanding § 1322(b)(2), the debt must be a personal obligation of the debtor. In this case the debtor is not personally obligated as his Chapter 7 discharge extinguished his personal liability under the note.

The debtor argues that Code §§ 1322(b)(2) and (5) do not contain a *per se* prohibition on modification of rights of holders of secured claims where a default and acceleration has made the entire balance immediately payable and a Chapter 7 discharge extinguished the debtor's personal liability on the note. The debtor contends that Code §§ 1322(b)(2) and (5) permit the Chapter 13 plan to cure defaults over a reasonable time, to decelerate the effects of default, and to reinstate the note's original payment schedule which in this case would make the last payment due after completion of the plan. The debtor cites as authority a decision of the U.S. Supreme Court in which a farm mortgage loan, accelerated due to default, was decelerated and reinstated under § 1322(b)(2). *Johnson v. Home State Bank,* — U.S. —, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991). The debtor argues that *Johnson* overrules *Hundley* concerning the deceleration and cure principal residence mortgages under § 1322(b)(5).

Third, the creditor argues that the plan should not be confirmed as it was not proposed in "good faith" as required by § 1325(a)(3) of the Code. *See* 11 U.S.C. § 1325(a)(3). The plan filing constituted an "abuse of the provisions, purpose or spirit" of the Code based on the totality of the circumstances, including:

1. Failure to make payments over 28 months despite many promises to do so.
2. Filing 2 bankruptcy cases within 2 years, each of which delayed the creditor from pursuing foreclosure.

3. There being only 2 unsecured creditors with minimal claims.

*See Neufeld v. Freeman*, 794 F.2d 149, 152–53 (4th Cir.1986).

The debtor responds that the plan was proposed in good faith. A Chapter 13 filing to reorganize a home mortgage debt following discharge of the debtor's unsecured debts in a Chapter 7 proceeding, commonly called a "Chapter 20" case, is not *per se* bad faith. *Johnson v. Home State Bank*, — U.S. ——, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991). Failure to make payments since January 1991 is not evidence of bad faith since the debtor attempted to negotiate a reinstatement agreement at one or more times during that period. The debtor alleges that the foreclosure delays are primarily the result of the creditor sitting on its rights, including not seeking a relief from stay during prior Chapter 7 proceedings nor pursuing foreclosure in the year and a half between the Chapter 7 discharge and the present case. The delays were not solely the result of the debtor's actions.

The creditor argues that the debtor's Chapter 13 case should be dismissed with prejudice, as the creditor's objections to confirmation are incurable and because dismissal with prejudice is necessary to afford the creditor sufficient time to pursue its state law rights against the debtor's residence.

The debtor argues that his bankruptcy should not be dismissed since the plan will be amended to reflect the correct arrearage, the Code and case law allow deceleration and cure in a Chapter 13 even after a Chapter 7 discharge of personal liability, and the creditor has not proved a lack of good faith. Since the parties agree that a plan must be amended, this Court will focus its discussion on the issues of whether a secured lender has a claim against property of a debtor whose prior Chapter 7 discharge extinguished his personal liability, deceleration and cure under § 1322(b)(5), and good faith in a "Chapter 20" case.

## I. Modification of a Claim Secured by a Principal Residence

 The two relevant paragraphs of § 1322(b) provide that:

The plan may—

(2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, ...

. . . . .

(5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any ... secured claim on which the last payment is due after the date on which the final payment under the plan is due; ....

11 U.S.C. § 1322(b). The creditor argues against confirmation in that the plan improperly modifies its rights as a holder of a claim secured by the debtor's residence. Since prior default accelerated the note, making full payment immediately due, and the debtor extinguished his personal liability on the note in a prior Chapter 7 discharge, the creditor contends that § 1322(b)(5) allowing modification notwithstanding § 1322(b)(2) does not apply.

This Court addressed this same issue in the case of *In re Hundley*, 99 B.R. 306 (Bankr.E.D.Va.1989). In that case, the debtor had filed three Chapter 7 petitions and three Chapter 13 petitions in past five years to halt foreclosures. The debtor's Chapter 13 plan in issue proposed to decelerate and cure a mortgage on his principal residence which due to default and acceleration was immediately due and payable. One of the debtor's prior Chapter 7's had discharged his personal liability on the mortgage.

This Court denied confirmation of the plan and dismissed the case, determining that Hundley had no debt to reorganize. The Court found that a mortgage on which the owner, after a Chapter 7 discharge, owes no personal obligation is no more than an *in rem* lien against the real estate. An *in rem* lien against the residence was

not a "claim" against a Chapter 13 debtor within the meaning of § 101(4) [now 101(5)] of the Code. Since the lender holding a lien against the real estate had no claim against the Chapter 13 debtor, the lender was not a creditor of the debtor and could not be included in the Chapter 13 plan. *Id.* at 307–08. This Court went on to state that even if the deed of trust did constitute a "claim," § 1322(b)(5) does not allow modification of a claim that had been accelerated due to default as the entire balance is immediately due, not "due after the date on which final payment under the plan is due." *Id.* at 308–09. This Court denied confirmation on the grounds that modifying the rights of a creditor whose claim, secured by the debtor's residence, is immediately due and payable would violate § 1322(b)(5). This Court also found that the filing of the debtor's seventh petition, with no unsecured debts and a history of prior abuse of process, constituted lack of good faith. *Id.* at 309–10. However, in light of further analysis and later authorities, cited below, the Court chooses not to follow in this case its ruling in *Hundley*.

The recent United States Supreme Court case of *Johnson v. Home State Bank*, —— U.S. ——, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991), discusses the treatment of an *in rem* claim in a Chapter 13 plan. In *Johnson*, the U.S. Supreme Court held that a prior Chapter 7 discharge of a personal obligation on a mortgage secured by a farm extinguished only "the personal liability of the debtor," but the claim is still enforceable against the debtor's property. The Court stated that a "creditor who ... has a claim enforceable only against the debtor's property nonetheless has a 'claim against the debtor' for purposes of the Code." Such a claim can be included in a Chapter 13 plan and modified under § 1322(b)(2). —— U.S. at ——, 111 S.Ct. at 2153–55 (1991). This Court sees no reason why this definition of an *in rem* "claim" against the debtor's farm should not apply to a claim secured by a lien on a principal residence. This Court finds that under the *Johnson* definition of claim, the creditor in this case has a claim against property of

the debtor which may be included in the debtor's Chapter 13 plan.

## II. Deceleration As Part of Cure of Default

This Court has searched for cases other than *Hundley* that address whether § 1322(b)(5) cures a default and acceleration, causing a mortgage loan to be due "after the last date on which the final payment is due under the plan." Despite the numerous "Chapter 20" cases (a Chapter 7 filing followed by a Chapter 13 reorganization) in which 1) the home mortgage loan is in default, 2) the default is to be cured, and 3) the loan to be decelerated, the cases do not discuss the due and payable issue. It appears to this court that the authors of those opinions assume that the due date referred to in § 1322(b)(5) is the original and not the accelerated due date. Conforming to the preponderance of judicial opinion, this Court hereby declines to follow the position that it took in *Hundley* and adopts the position "that the 'last payment' language in § 1322(b)(5) refers to when the last payment would have been due under the original mortgage note had it not been accelerated. Such an interpretation is necessary to give effect to the curative purpose Congress intended in enacting § 1322(b)(5)." *In re Stokes*, 39 B.R. 336 (Bankr.E.D.Va.1984).

## III. Lack of Good Faith

Section 1325(a)(3) of the Code provides that the court shall confirm a plan if the plan has been proposed in good faith. 11 U.S.C. § 1325(a)(3). A finding that a plan was not filed in good faith requires an "inquiry ... to determine whether or not, considering 'all militating factors,' there has been 'an abuse of the provisions, purpose or spirit' of Chapter 13." *Neufeld v. Freeman*, 794 F.2d 149, 152 (4th Cir.1986) (*quoting Deans v. O'Donnell*, 692 F.2d 968 (4th Cir.1982)). The debtor's prepetition conduct "is a relevant factor to be considered in the § 1325(a)(3) good faith inquiry." *Id.* at 152. "[A] Chapter 13 plan may be confirmed despite even the most egregious pre-filing conduct where other factors suggest that the plan nevertheless represents

a good faith effort by the debtor to satisfy his creditors' claims." *Id.* at 153. Since a "Chapter 20" filing is not specifically mentioned as cause for dismissal, the U.S. Supreme Court has discerned that Congress did not intend to categorically "foreclose the benefit of Chapter 13 to a debtor who previously has filed for Chapter 7 relief." *See Johnson v. Home State Bank,* —— U.S. at ——, 111 S.Ct. at 2156.

 Applying the above principles to the facts of the case at bar, we find only that the debtor has borne his burden of proving that the plan is offered in good faith. Filing a "Chapter 20" to reorganize a secured debt after the *in personam* obligation has been discharged is not *per se* evidence of bad faith. *Id.* The evidence of failure to make payments for over 2 years is persuasive of bad faith, but is weakened by insufficient and conflicting evidence on who made what offers of cure, when those offers were made, and whether those offers were reasonable. The failure of the creditor to pursue its remedies either in the Chapter 7 proceeding or in the long interval between the Chapter 7 and Chapter 13 proceedings causes us to question whether the two filings were a significant impediment to the creditor's rights.

## CONCLUSION

For the foregoing reasons, it appears to this Court that confirmation of the debtor's Chapter 13 plan filed April 27, 1993, should be denied because it understates the amount of the creditor's claim and proposes an unreasonable period of time in which to cure default. The creditor's objections that the plan *per se* violates Bankruptcy Code §§ 1322(b)(2) and (5) should be overruled. The debtor shall have ten (10) days from entry of this Order to file an amended plan that meets all requirements of Chapter 13. The creditor's motion to dismiss the debtor's case with prejudice should be denied.

An order conforming to this Memorandum Opinion shall be entered contemporaneously herewith.