## In re Dean D. OLIVER, Debtor.

### Bankruptcy No. 95–10405–AT.

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

July 7, 1995.

404

Mitchell J. Singer, Alexandria, VA, for debtor.

Richard G. Wise, Washington, DC, for Washington Federal Savings Bank.

Gerald M. O'Donnell, Chapter 13 Trustee, Alexandria, VA.

### MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

Hearing was held May, 3, 1995, on Washington Federal Savings Bank's objection to confirmation of Debtor Dean D. Oliver's chapter 13 plan of reorganization and on debtor's motion for a show cause order against Washington Federal. The court took the matters under advisement. For the reasons stated in this memorandum opinion, the court will enter orders denying confirmation and denying application for show cause order.

### Findings of Fact

Debtor Dean D. Oliver filed a chapter 7 bankruptcy petition on May 5, 1992, in the United States Bankruptcy Court for the District of Columbia. At the time he filed his petition, debtor was not eligible to file a chapter 13 case because his unsecured debts exceeded $100,000.00.

On March 23, 1994, debtor received his discharge, and his case was closed on March 30, 1994. Debtor's personal liability on the indebtedness to MNC Mortgage Corp. secured by the property located at 5725 N. 16th Street, Arlington, Virginia, was discharged. Debtor maintained this property as rental property while he attempted to market the property with a realtor. In addition, debtor's personal liability on his indebtedness to Mike Oliver, debtor's brother, secured by a second deed of trust on the 16th Street property was discharged. Mike Oliver placed a third deed of trust for $15,000.00 on this property after the filing of debtor's chapter 7 petition which was unaffected by debtor's previous filing.

Prior to debtor's discharge, Washington Federal Savings Bank timely filed a complaint challenging the dischargeability of a debt under 11 U.S.C. § 523(a)(2)(B). On April 22, 1993, the bankruptcy court entered an order excepting the debt from discharge. The United States District Court for the District of Columbia affirmed the bankruptcy court's order. On November 30, 1994, the United States Court of Appeals for the District of Columbia Circuit affirmed the district court's order. The court also awarded costs against debtor on January 24, 1995.

On January 5, 1995, Washington Federal served a levy of attachment on debtor's bank

account at NationsBank in the District of Columbia.

On February 1, 1995, debtor filed the present chapter 13 bankruptcy petition. The timing of the filing so close to Washington Federal's notice of levy demonstrates that debtor filed the current bankruptcy petition because Washington Federal was attempting to collect a judgment which had previously been declared nondischargeable.

Debtor's scheduled secured creditors are MNC Mortgage Corporation and Mike Oliver.

Debtor's scheduled unsecured creditors include Gary Rosen, Messrs. Sokness and Shriver, C & P Telephone, Washington Federal, and four individuals owed tenant security deposits. Washington Federal's claim represents over eighty per cent of all unsecured claims.

Rosen was debtor's bankruptcy counsel in his earlier chapter 7 case. Messrs. Sokness and Shriver each have the same claim against debtor. Debtor has not objected to their claims but lists them as disputed. However, debtor defended, prepetition, a claim by Messrs. Sokness and Shriver in the Superior Court of the District of Columbia, asserting that the debt was a claim against Dubois Decorators, Inc., a corporation with which debtor was once affiliated. Debtor lists the claim of C & P Telephone as disputed because he claims the debt is an indebtedness of Dubois Decorators, Inc.

Debtor is employed by Dubois, Inc., a corporation which has one other employee. Dubois, Inc., is involved in the home improvement business. Dubois is debtor's middle name. Dubois, Inc., was incorporated on September 30, 1991, and debtor has been its registered agent throughout its existence, as well as being a director and officer of the corporation for portions of its existence. Debtor has not been a stockholder of the corporation, nor has he been an officer or director since he sold the stock of the corporation on November 27, 1992. Debtor is unable to state what the gross revenue of Dubois, Inc., was for its last fiscal year.

Debtor's level of income over the last several years was as follows:

| Year | Amount |
| --- | --- |
| 1989 | $180,000.00 |
| 1990 | $200,000.00 |
| 1991 | $ 46,000.00 |
| 1993 | $ 26,000.00 |
| 1994 | $ 21,700.00 |
| 1995 | $ 26,000.00 |

Debtor's proposed plan of reorganization is a 36–month plan. Under the plan, real property would be surrendered to the holders of liens against the property. All unsecured creditors are treated alike and would receive pro rata payments. Payment to the unsecured creditors under the original plan would be about ten per cent of claims. At the confirmation hearing, debtor orally agreed that he would modify his plan and extend it to sixty months (which he has subsequently filed). Payment to the unsecured creditors under the plan as modified at the confirmation hearing would be about seventeen per cent of claims.

### Discussion and Conclusions of Law
### Confirmation Requirements

Washington Federal, whose claim comprises more than eighty per cent of the total unsecured debt, objects to the plan and contends that debtor's chapter 13 plan was not proposed in good faith.

Before the court may approve a chapter 13 plan, the court must find that the plan was "proposed in good faith." 11 U.S.C. § 1325(a)(3). Factors to be considered in determining whether this good faith requirement has been met include: (1) the percentage of the proposed repayment; (2) debtor's financial situation; (3) the period of time payment will be made; (4) debtor's employment history and prospects; (5) the nature and amount of unsecured claims; (6) debtor's past bankruptcy filings; (7) debtor's honesty in representing facts; and (8) any unusual or exceptional problems facing the particular debtor. See Deans v. O'Donnell, 692 F.2d 968, 972 (4th Cir.1982).

Pre-filing conduct and the nondischargeability under chapter 7 of certain claims are also factors in evaluating a debtor's good faith. See Neufeld v. Freeman, 794 F.2d 149, 152 (4th Cir.1986). Using these

factors, the court is required to examine the "totality of circumstances" in each case to determine if the proposed plan violates the purpose or spirit of chapter 13. *See Neufeld,* 794 F.2d at 152.

In addition to the low percentage of repayment and the fact that only a three-year plan was being proposed, Washington Federal's primary objection to the proposed plan is that debtor's lack of good faith was demonstrated by debtor filing a chapter 13 petition shortly after the Court of Appeals for the District of Columbia affirmed that the debt to Washington Federal was nondischargeable.

■ In *Deans,* the Fourth Circuit expressly rejected grafting a per se rule of substantial payment onto the good faith requirement. *Deans,* 692 F.2d at 972. While the pre-filing conduct giving rise to nondischargeability is a relevant factor in the good faith inquiry, nondischargeability standing alone is an insufficient basis upon which to find a lack of good faith. *Neufeld,* 794 F.2d at 152.

However, in this instance, the totality of the circumstances demonstrate that the plan was proposed in bad faith. The percentage of the proposed repayment, although substantial within debtor's present budget, is minimal. Only at the hearing on Washington Federal's objection did debtor propose to lengthen the term of his plan to sixty months.

In addition, the nature of the unsecured claims is peculiar. Although the claims of Messrs. Sokness and Shriver and of C & P may have been discharged in debtor's previous chapter 7 case or may not belong to debtor as an individual, debtor has failed to object to the claims and merely lists them as disputed. The remaining claims are debtor's previous bankruptcy counsel, four tenants, and Washington Federal.

Unlike the facts in *In re Harlan,* 179 B.R. 133, 140 (Bankr.W.D.Ark.1995), a case cited by debtor, debtor was not faced with any unusual circumstances which would have caused him to file this chapter 13 case. In fact, the timing of the filing so close to Washington Federal's notice of levy demonstrates that debtor filed the current bankruptcy petition because Washington Federal was attempting to collect a judgment which had previously been declared nondischargeable. Debtor has made no effort to repay his unsecured creditors in between his previous discharge and the filing of this petition.

Based on the totality of the circumstances, the court finds that debtor did not propose his plan in good faith. Therefore, the plan is not confirmable under § 1325.

*Show Cause Order*

■ Debtor also moves this court for a show cause order against Washington Federal, alleging that Washington Federal violated the automatic stay of 11 U.S.C. § 362 by failing to release the writ of attachment against debtor's bank account at Nations-Bank. Although the notice of levy was filed prepetition, debtor argues that the attachment violated the stay because the order confessing judgment against the funds was entered postpetition. However, debtor fails to cite any authority for his proposition.

The prepetition levy of attachment upon debtor's bank account was legally effective upon service pursuant to District of Columbia law. *See* D.C.Code Ann. § 16–546; *Monarch Life Ins. Co. v. Elam,* 918 F.2d 201, 203 (D.C.Cir.1990). If attachment is effective upon service under applicable law, "nothing more is required to transfer ownership ..." to the creditor. *In re Eisenbarger,* 160 B.R. 542, 545 (Bankr.E.D.Va.1993).

Since Washington Federal's prepetition writ of attachment upon debtor's bank account was effective upon service and was not a violation of the automatic stay, debtor's motion to show cause is unwarranted.[1]

---

1. Debtor has not asserted that the funds are subject to turnover under 11 U.S.C. § 542, and

debtor has failed to present any evidence on the

issue; accordingly, I will not address the issue    because the matter is not before me.