**In re Judi Anne Marie CAVALIERE, Debtor.**

**Bankruptcy No. 99–10270 B.**

United States Bankruptcy Court, W.D. New York.

Aug. 20, 1999.

Robert Cooper, Rochester, NY, for F.C.C. National Bank.

Dale C. Robbins, Jamestown, NY, for Debtor.

CARL L. BUCKI, Bankruptcy Judge.

As the holder of a claim arising from an allegedly fraudulent use of a credit card, F.C.C. National Bank objects to confirmation of a Chapter 13 plan on the ground that the debtor did not propose the plan in good faith. For the reasons stated herein, this objection is overruled.

On January 21, 1999, Judi Ann Marie Cavaliere filed a petition for relief under Chapter 7 of the Bankruptcy Code. Included on her schedule of unsecured debts was an obligation in the amount of $6,417.67 to First Card, whose proper name is F.C.C. National Bank. Prior to the time set for discharge, however, F.C.C. commenced an adversary proceeding to determine the dischargeability of its claim. Specifically, F.C.C. contended that the obligation was nondischargeable under 11 U.S.C. § 523(a)(2)(A), in that it was obtained by false pretenses, a false representation, or actual fraud. Rather than to answer F.C.C.'s complaint, the debtor instead converted her Chapter 7 case into a proceeding under Chapter 13 of the Bankruptcy Code. In her plan, Cavaliere now proposes a distribution of five percent to all unsecured creditors, including F.C.C. National Bank. Contending that under these circumstances the plan fails to satisfy the good faith requirement of 11 U.S.C. § 1325(a)(3), F.C.C. now asks the Court to deny confirmation.

■ Upon completion of a Chapter 13 plan, a debtor obtains a discharge that is more comprehensive than that accorded under Chapter 7. Section 523 of the Bankruptcy Code identifies eighteen categories of debt that are excepted from discharge either in Chapter 7 or when, under circumstances of hardship, the court grants a discharge in Chapter 13 despite the failure to complete plan payments. In contrast, completion of a Chapter 13 plan will entitle the debtor to the benefits of an enhanced order of discharge that extends to all but five categories of debt. As set forth in 11 U.S.C. § 1328(a), the only debts excepted from the enhanced discharge are claims arising from the cure of certain secured obligations; debts "for restitution, or a criminal fine, included in a sentence on the debtor's conviction of a crime"; and debts of the kinds specified in paragraphs (5), (8), and (9) of section 523(a). Thus, the completion of a Chapter 13 plan will operate generally to discharge fifteen of the eighteen categories of debt that would not be dischargeable in Chapter 7. Among these are obligations of the type described in paragraph 2 of section 523(a), such as those for which F.C.C. National Bank had sought a determination of nondischargeability.

■ The filing of a petition under Chapter 7 will effect a bundle of legal consequences, implicating both the rights and responsibilities of the debtor. Among the rights accorded to a Chapter 7 debtor is a nearly absolute right to convert to Chapter 13. Pursuant to 11 U.S.C. § 706(a), a debtor may convert a case under Chapter 7 "to a case under Chapter 11, 12, or 13 of [Title 11] at any time", if the case had not previously been converted to Chapter 7 from Chapters 11, 12, or 13. Section

706(a) further provides that any waiver of the debtor's right to convert a Chapter 7 case is unenforceable. As a Chapter 7 debtor, Cavaliere now seeks only to exercise her right to convert, and thereby to enjoy the benefits of Chapter 13.

In Chapter 13, Ms. Cavaliere will derive benefits no greater than those to which she would have been entitled had she filed for relief under Chapter 13 *ab initio*. Unquestionably, these benefits will include the privilege of an enhanced discharge upon completion of plan payments. That benefit is attributable, however, not to some exercise of bad faith, but to the conversion rights that section 706(a) expressly grants to anyone who originally sought relief under Chapter 7. Accordingly, despite insinuations that certain debts might have been nondischargeable in Chapter 7, this Court will find that Cavaliere's plan satisfies the requirements of 11 U.S.C. § 1325(a)(3), in that it is proposed in good faith and not by any means forbidden by law.

In opposing confirmation, the counsel for F.C.C. National Bank has cited cases involving the so-called "Chapter 20," that is, a Chapter 13 case filed after the debtor had already secured a discharge under Chapter 7. *See In re Keach*, 225 B.R. 264 (Bankr.D.R.I.1998), *In re Oliver*, 186 B.R. 403 (Bankr.E.D.Va.1995), *and In. re Jahnke*, 146 B.R. 830 (Bankr.E.D.Cal. 1992). Such instances are distinguishable, in that they can potentially represent an effort to derive conjunctively the benefits of both Chapter 13 and Chapter 7, and thereby to avoid the full impact of the burdens attributable to each of these respective chapters. Here, Cavaliere seeks only the benefits of Chapter 13. By her conversion, she foregoes the different privileges of Chapter 7, and in the process, accepts as to all of her creditors the obligations of her proposed plan.

The present case is closely analogous to the facts presented to the Bankruptcy Appellate Panel for the Ninth Circuit in *In re Street*, 55 B.R. 763 (9th Cir. BAP 1985).

In that case, the debtor converted from Chapter 7 to Chapter 13 only after the bankruptcy court had rendered a judgment determining that a claim in the amount of $30,000 was nondischargeable under section 523(a)(4) of the Bankruptcy Code. Emphasizing that the debtor had merely exercised his absolute right to convert, the appellate panel concluded that the conversion did "not render the Chapter 13 manipulative of the Bankruptcy Code." Surely, the argument of F.C.C. National Bank is even less compelling with respect to Ms. Cavaliere's plan. Any assertion of nondischargeability is yet unproven. Thus, for Cavaliere, Chapter 13 works not to avoid a debt that is acknowledged to be nondischargeable in Chapter 7, but to avoid the costs of litigation with respect to that issue. In the view of this court, such is a proper use of Chapter 13 and one which the debtor may properly employ in good faith.

Based upon the foregoing, this Court overrules the objection of F.C.C. National Bank to the confirmation of the Chapter 13 plan of Judi Ann Marie Cavaliere.

So ordered.