**In re Thomas A. GOODWIN, Debtor.**

No. 04–9653–9P3.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Aug. 1, 2005.

Edward R. Miller, Miller and Hollander, Naples, FL, for Debtor.

**ORDER ON SUPPLEMENTAL OBJECTION TO THE CONFIRMATION OF THE CHAPTER 13 PLAN, AS AMENDED OR, IN THE ALTERNATIVE MOTION TO DISMISS THE DEBTOR'S PETITION (Doc. No. 33)**

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER under consideration in this Chapter 13 case is a Motion described above filed by Peter and Sandra Prescott (the Prescotts). The Motion is based on the contention of the Prescotts that the Plan and the Chapter 13 Petition filed by Thomas A. Goodwin (the Debtor) were not filed in good faith, therefore, this Court should deny confirmation of the Plan and dismiss the Chapter 13 case pursuant to Section 1325(a)(3). The controlling facts governing and relevant to the issues raised by the Motion are without dispute and are as follows:

On August 25, 1995, the Prescotts obtained a judgment in the amount of $202,110.00 in the Superior Court of Kennebec County, Maine, against the Debtor, and a corporation known as Thomas A. Goodwin, Inc., owned and controlled by the Debtor (Exh. A & B, Doc. No. 33). On June 10, 1994, the Debtor and his wife, Jean Goodwin, filed a Joint Petition for Relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Northern District of Maine. The Debtors were not able to proceed and complete their Chapter 11 case and the case was converted to a Chapter 7 liquidation case. The Prescotts filed an adversary proceeding in the Chapter 7 case and sought a determination that the liability of the Debtor as evidenced by the judgment described above should be declared to be nondischargeable.

On August 2, 1996, the Bankruptcy Court in the Northern District of Maine entered its final judgment in the adversary proceeding and determined that the Debtor's liability in the amount of $74,074.85, together with attorney's fees and costs, was nondischargeable (Exhibit C, Doc. No. 33). Subsequently, the Kennebec County Superior Court awarded the sum of $15,929.41 in attorney's fees and $1,402.96 in costs. On February 27, 1998, the Prescotts recorded their Maine judgment in Collier County, Florida, as a foreign judgment. On March 15, 1999, the Debtor filed his first Chapter 13 case in the Bankruptcy Court in the Northern District of Maine. The Debtor also filed a Plan with his Petition in which he proposed to pay twenty percent of the Prescotts' judgment over the period of three years.

On October 13, 1999, the Bankruptcy Court in Maine granted the Motion to Dismiss filed by the Prescotts and denied confirmation based on a lack of good faith and the Chapter 13 case was dismissed.

The present case was filed in this Court on May 12, 2004. The Debtor attempts once again to accomplish what he could not accomplish five years ago, which is to use the super discharge available under a Chapter 13 case to discharge the judgment

obtained by the Prescotts. In the present instance, the Debtor scheduled two unsecured claims, one a credit card debt in the amount of $688.00. The other is the claim of the Prescotts originally listed as "zero" based on the Debtor's contention that the enforcement of the claim is barred by the Statute of Limitations.

On July 19, 2005, this Court entered an Order and rejected this contention and allowed the claim as filed by the Prescotts (Doc. No. 27). The Debtor has now filed an amended Plan and proposes in the Plan to pay the Prescotts' claim at 20 cents on-the-dollar to be funded by a $1000 per month contribution from an unidentified son of the Debtor. Thus far the Debtor has only paid $20 per month to the Chapter 13 Trustee.

The Debtor has been employed steadily with only brief periods of unemployment during the past three years. He works as a salaried construction supervisor. The Debtor never paid any part of the judgment obtained by the Prescotts against him.

The challenge by the Prescotts of the Debtor's right to enjoy the benefits under Chapter 13 is based on the contention that the Amended Plan was not proposed in good faith but, moreover, the Petition itself was not filed in good faith.

Considering first the challenge based on the lack of good faith to propose a Chapter 13 Plan, it is clear that Section 1325(a)(3) requires a finding by the Court, as a condition precedent for confirmation, that the Plan was proposed in good faith. Most courts considering this issue have applied the "totality of the circumstances" test. They have considered numerous factors on a case-by-case basis and whether or not the Plan as proposed would be an abuse of the provisions, purpose or spirit of Chapter 13. *In re Kitchens,* 702 F.2d 885, 888 (11th Cir.1983). The classic formulation of the factors were discussed in *In re Estus,* 695 F.2d 311, 317 (8th Cir.1982).

■ The factors set forth in *Estus* have been adopted by *In re Kitchens* with some modification and are described as follows:

. . .

4. the probable or expected duration of the debtor's Chapter 13 plan;

5. the motivations of the debtor and his sincerity in seeking relief under the provisions of Chapter 13;

6. the debtor's degree of effort;

7. the debtor's ability to earn and the likelihood of fluctuation in his earnings;

. . .

9. the frequency with which the debtor has sought relief under the Bankruptcy Reform Act and its predecessors;

10. the circumstances under which the debtor has contracted his debts and his demonstrated bona fides, or lack of same, in dealings with his creditors;

. . .

*Id.*

■ Although there is nothing, per se, illegal or unlawful for a Debtor to seek refuge in a Chapter 13 and try to enjoy the liberal discharge provisions of the Chapter, this may be a red flag and indicate an intent to abuse the provisions, purpose and spirit of the Code. For instance, if the major portion of the claims sought to be discharged arise out of prepetition fraud or wrongful conduct of the Debtor, coupled with a Plan which proposes to pay only minimum payment on these claims, this might warrant the finding of bad faith. *Neufeld v. Freeman,* 794 F.2d 149 (4th Cir.1986). A prepetition misconduct which already has been determined to be nondischargeable in a previous case is also a

significant relevant factor when the Court is called upon to decide whether or not the Plan was filed in good faith, thus, complies with Section 1325(a)(3). Courts would not tolerate a "manipulation of the statute by debtors who default on obligations grounded in dishonesty and who subsequently seek a refuge in Chapter 13 in order to avoid, at minimal cost, a nondischargeable debt." *Neufeld v. Freeman, supra. In re Norwood,* 178 B.R. 683 (Bankr.E.D.Pa. 1995). In the case of *In re Todd,* 65 B.R. 249 (Bankr.N.D.Ill.1986) the Court held that when a debtor proposed no payment to a judgment creditor who held a claim for sexual assault, the Chapter 13 case was filed in bad faith.

In the case of *In re Chura,* 33 B.R. 558 (Bankr.D.Colo.1983), the debtor attempted to discharge a nondischargeable judgment which included punitive damages. In this case, the judgment represented 84 percent of all unsecured claims and the Court had no difficulty to find that the Petition was filed in bad faith. In the case of *In re Brown,* 56 B.R. 293 (Bankr.N.D.Ill.1985), the claim sought to be discharged was a judgment for conversion and outrageous conduct and punitive damages which represented 90 percent of all unsecured claims. In this case, the Court denied confirmation, held that the Petition was filed in bad faith because the primary purpose of the Petition was to discharge a recent fraud judgment granted against the Debtor, and was an abuse of the system

In the present instance, the Prescotts' claim constitutes nearly 100% of the Debtor's scheduled unsecured debts. The only other unsecured debts besides the Prescotts' claim is a minimal credit card debt which the Debtor could easily pay without the necessity of a Chapter 13 case.

This is the third attempt by the Debtor to escape the consequences and evade the payment of the Prescott judgment. The current Chapter 13 was filed shortly after the Prescotts renewed their efforts to collect the Maine judgment against the Debtor in the State of Florida. As noted earlier, the original Plan of the Debtor provided no payment at all on the Prescotts' claim based on the judgment. The Debtor originally scheduled that claim for "zero" even though it was patently obvious that the contention advanced by the Debtor that the claim is barred by the Statute of Limitations was specious and not supported by law.

■ There is an additional reason why this Chapter 13 Plan should be dismissed for "cause" pursuant to Section 1307(b). While the term "cause" is not defined, courts have no difficulty to find that a case could be dismissed it if appears that the Plan proposed by a Debtor lacks proper funding. The Second Amended Plan under consideration is to be funded by a gratuitous contribution each month from an unnamed son of the Debtor in the amount of $1,000 which is to supplement the $20 which the Debtor intends to contribute to the funding of his Chapter 13 Plan.

■ It is well established that gratuitous contributions by nondebtors who are (1) neither the spouse of the debtor, nor (2) otherwise obligated to pay the claims and (3) where there is no history of such contribution in the past is not "regular income" as a matter of law and insufficient to support the finding that the Plan is feasible and complies with Section 325(a)(6) of the Code. *In re Porter,* 276 B.R. 32 (Bankr.D.Mass.2002); *In re Felberman,* 196 B.R. 678 (Bankr.S.D.N.Y. 1995); *In re Antoine,* 208 B.R. 17 (Bankr. E.D.N.Y.1997).

■ Based on the foregoing, this Court is satisfied that the Plan as proposed fails to meet the requirements of Sections

1325(a)(3) and (a)(6), therefore, it cannot be confirmed. Considering the alternative remedy sought by the Prescotts, which is dismissal of the case, this Court is also satisfied that having considered the fact that this is the third attempt by the Debtor to escape the payment of the nondischargeable claim of the Prescotts and to propose a Plan which is completely illusory and facially non-confirmable is sufficient to dismiss the Chapter 13 case for cause provided, however, that the Debtor has a right to convert the same to a Chapter 7 case, if so deemed to be advised.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Supplemental Objection to Confirmation of Chapter 13 Plan, as Amended (Doc. No. 33), be, and the same is hereby, sustained and Confirmation is denied. It is further

ORDERED, ADJUDGED AND DECREED that the alternative Motion to Dismiss Debtor's Petition (Doc. No. 33) be, and the same is hereby, granted and the Chapter 13 case is hereby dismissed with prejudice. The Debtor shall have 20 days from the date of this Order to convert his Chapter 13 case to a Chapter 7 case, if so deemed to be advised.