**In re Wilmer CHANEY, Jr., Debtor.**

**No. 06–33628–KRH.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Jan. 17, 2007.

Richard James Oulton, AA, Affiliated Attorneys, Inc., Richmond, VA, for Debtor.

### ORDER

KEVIN R. HUENNEKENS, Bankruptcy Judge.

This case is before the court on the motion of Wilmer Chaney (the "Debtor") to extend the automatic stay pursuant to § 362(c)(3)(B) of the Bankruptcy Code. The Debtor filed his chapter 13 bankruptcy case on December 13, 2006 (the "Petition Date"); and on December 25, 2006, he filed a motion to extend the automatic stay. A hearing was conducted on January 10, 2006, at which the Debtor appeared and testified.

The Debtor's request is governed by the provisions of § 362(c)(3) of the bankruptcy code. 11 U.S.C. § 362(c)(3) (2006). That section provides:

(3) if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1–year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)—

(A) the stay … with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;

(B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30–day period *only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed;* …

11 U.S.C. § 362(c)(3)(A, B)(emphasis added).

The quoted language of § 362(c)(3) effectively provides that where a debtor has been a debtor in a previous bankruptcy case that was dismissed within one year of the filing of the new case, the automatic stay of § 362(a) terminates as to the Debtor on the 30th day following the new filing unless within that 30 days the debtor seeks an extension of the stay and the court grants the extension within the 30–day period. In order to obtain an extension of the stay, the debtor must prove that the filing of the new case was in good faith as to the creditors that would be affected by the stay. 11 U.S.C. § 362(c)(3)(B).

The statute further provides a presumption that a case is not filed in good faith if any of several circumstances occurred:

(C) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)-

(i) as to all creditors, if-

(I) more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1–year period;

(II) a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1–year period, after the debtor failed to—

(aa) file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);

(bb) provide adequate protection as ordered by the court; or

(cc) perform the terms of a plan confirmed by the court; or

(III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11 or 13 or any other reason to conclude that the later case will be concluded—

(aa) if a case under chapter 7, with a discharge; or

(bb) if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; and

(ii) as to any creditor that commenced an action under subsection (d) [for relief from the stay] in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor; ...

11 U.S.C. § 362(c)(3)(C).

The Debtor in this case has filed five prior cases in this court; 90–30673–BNS; 90–33506–DOT; 93–30251–BNS; 93–33403–BNS; and Case No. 05–42613–DOT (the "Immediately Prior Case"). The Immediately Prior Case was filed under chapter 13 on October 15, 2005. An order confirming the Debtor's chapter 13 plan was entered by the Court on January 20, 2006. The Immediately Prior Case was dismissed by order entered July 14, 2006, for the Debtor's failure to make the payments required by the plan.

As the Debtor's Immediately Prior Case was pending within the year preceding the Petition Date and as that Immediately Prior Case was dismissed after the Debtor failed to perform the terms of the plan confirmed by the Court, § 362(c)(3)(C) of the Bankruptcy Code raises a presumption that his new case was filed not in good faith. The presumption may be rebutted by clear and convincing evidence. 11 U.S.C. § 362(c)(3)(C).

■ The Court of Appeals for the Fourth Circuit has observed that, "'[C]lear and convincing' is a well-recognized standard in the proof scheme employed by our nation's courts." *Direx Israel, Ltd. v. Breakthrough Medical Corp.,* 952 F.2d 802, 810 n. 7 (4th Cir.1991). The Court explained that,

In *Addington v. Texas,* the Supreme Court identified the "three standards or levels for different types of cases" as follows: "preponderance of the evidence" is the lowest level of proof, and is to be applied in the "typical civil case involving a monetary dispute;" "beyond reasonable doubt" is the highest level of proof, and is to be applied "in a criminal case;" and "clear and convincing" is an "intermediate standard," which is to be applied in cases where the interests at stake "are deemed to be more substantial than mere loss of money." This intermediate level of proof, the Supreme Court added, is "no stranger in the civil law." A relevant treatise, for example, defines "clear and convincing" as mean-

ing "highly probable." 9 J. Wigmore Evidence § 2498 (3d ed.1940). *Id.* (citing *Addington v. Texas,* 441 U.S. 418, 423–24, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979)). The Federal Rules of Evidence provide that a presumption imposes on the party against whom it is directed the burden of going forward with evidence to meet the presumption. Fed.R.Evid. 301. Thus, § 362(e)(3)(c) requires the debtor to present highly probable evidence of his good faith.

Section 362(c)(3) does not include a definition of the term "good faith." "The normal rule of statutory construction is that if Congress intends for legislation to change the interpretation of a judicially created concept, it makes that intent specific." *CoStar Group, Inc. v. Loopnet, Inc.,* 373 F.3d 544, 553 (4th Cir.2004), (quoting *Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.,* 474 U.S. 494, 501, 106 S.Ct. 755, 88 L.Ed.2d 859 (1986)). In the absence of a new statutory definition for the term, it appears that Congress did not intend to depart from the judicially created standard for determining good faith.

In evaluating a debtor's good faith in the context of § 1325(a)(3) of the Bankruptcy Code, the Court of Appeals for the Fourth Circuit stated "[w]hile no precise definition can be sculpted to fit the term 'good faith' for every Chapter 13 case, we think the generally accepted definition of 'good faith' as used in Chapter 11 of the old Bankruptcy Act, 11 U.S.C. § 766(4) (1976) (repealed), provides the general parameters: 'Broadly speaking, the basic inquiry should be whether or not under the circumstances of the case there has been an abuse of the provisions, purpose, or spirit of [the Chapter] in the proposal or plan....'" *Deans v. O'Donnell,* 692 F.2d 968, 972 (4th Cir.1982) (citing 9 Collier on Bankruptcy 9.20 at 319 (14th ed.1978)). Courts are given broad discretion but are directed to look at "the

totality of circumstance ... on a case by case basis." *Id.*

A nonexclusive list of the militating factors a court may consider in making a good faith determination includes "the percentage of proposed repayment, ... the debtor's financial situation, the period of time payment will be made, the debtor's employment history and prospects, the nature and amount of unsecured claims, the debtor's past bankruptcy filings, the debtor's honesty in representing facts, and any unusual or exceptional problems facing the particular debtor." *Id.* The court added the debtor's pre-petition conduct to this nonexclusive list in *Neufeld v. Freeman,* 794 F.2d 149, 150 (4th Cir.1986). In assessing these factors in the context of a chapter 13 case under the elevated evidentiary burden under § 362(c)(3)(C) of the Bankruptcy Code, the court must be satisfied that the plan in the new case will succeed where the plan in the prior case did not. Usually this will require a finding that some change in the financial or personal affairs of the debtor has occurred that will allow the debtor to perform under the terms of the plan in the new case. But the inquiry does not end there. The court needs to determine that the repetitive filing does not violate the spirit of the Bankruptcy Code. The new case must not be a ploy to frustrate creditors. It must represent a sincere effort on the part of the debtor to advance the goals and purposes of chapter 13.

The evidence before the Court in this case comes from the testimony provided by the Debtor at the hearing and from the documents filed with the Court. No substantial change has occurred in the Debtor's financial or personal affairs since the Immediately Prior Case. The Debtor's employment has remained stable. In fact, the Debtor testified that he received a promotion and a raise of approximately $200 per month since he filed the Immedi-

ately Prior Case. The only explanation for why the Debtor failed to make the payments under the confirmed plan in the Immediately Prior Case was that his daughter was a law student studying for the bar. This expense has now been eliminated. All this would suggest that the Debtor should be in a better position to perform the terms of the plan in the new case than he was in the Immediately Prior Case

However, the totality of the circumstances reveals that this case actually represents an abuse of the spirit and purpose of chapter 13 of the Bankruptcy Code. In spite of the increase in the Debtor's income and the decrease in his expenses since the dismissal of the Immediately Prior Case, the Debtor's plan payments in this case have been reduced significantly. The plan payments in the Immediately Prior Case were $900 per month. The Debtor had proposed to pay $58,500 into the plan, which would have yielded an 82% dividend to his unsecured creditors.[1] The Debtor now proposes to pay a total of only $15,600 into the plan. The new plan proposes to pay a $9,000 priority tax claim in full but only 4% to the Debtor's unsecured non-priority creditors.[2] Taken together, the reduced proposed repayment in the new case and the improvement in the Debtor's financial situation between the two filings are not indicia of good faith.

The Court is not persuaded by any evidence (let alone clear and convincing evidence) that this case is a good faith effort by the Debtor to repay his creditors. Rather it appears to be an attempt to pay his creditors as little as possible. The Debtor defaulted in his repayment schedule under the confirmed plan in the Immediately Prior Case, presumably because of an unanticipated additional expense he was required to assume for his daughter. Now, with improved economic fortunes, the Debtor proposes a far less generous plan. In light of the fact that there has been no adverse change in the Debtor's circumstances, the Court is left to wonder why the Debtor's disposable income in the Immediately Prior Case allowed him to pay so much more to his creditors than he is proposing to pay in this case. The Debtor offered no explanation. While it was argued that this would be an issue best addressed in the context of a plan confirmation hearing, it may certainly be considered at this juncture as well. Indeed, in adopting § 362(c)(3)(C) of the Bankruptcy Code, Congress signaled its preference for the early disposition of cases that lack substantive merit. The Court finds that the Debtor has failed to rebut the statutory presumption that his new case was filed not in good faith.

Because the presumption has not been rebutted, the Court will not continue the automatic stay as to the Debtor beyond the 30th day following the filing of this case.[3] Therefore,

1. The vast majority of the unsecured debt derived from consumer spending.

2. The Debtor is represented by the same counsel in this case as he was in the Immediately Prior Case. The attorneys' fees in this case and in the Immediately Prior Case are more than double the total amount that the Debtor's unsecured non-priority creditors will receive.

3. The court was not asked to decide the extent to which the automatic stay is terminated under § 362(c)(3)(A). Is the stay terminated only with respect to the Debtor or is termination of the stay also applicable to property of the bankruptcy estate? Compare *In re Jones*, 339 B.R. 360, 365 (Bankr.E.D.N.C. 2006) ("it is abundantly clear from the plain language of § 362(c)(3)(A) that the stay that terminates under that section is not the stay that protects property of the estate") with *In re Jupiter*, 344 B.R. 754, 762 (Bankr.D.S.C. 2006) ("the Court finds that § 362(c)(3)(A) terminates the stay as to Debtor and property of Debtor's estate").

**IT IS ORDERED** that the motion for continuation of the stay with respect to the Debtor is **DENIED**.