**In re Judy A. PENCE, Debtor.**

**No. 11–51745.**

United States Bankruptcy Court, W.D. Virginia, Harrisonburg Division.

April 19, 2012.

Marilyn A. Solomon, Winchester, VA, for Debtor.

## DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

On February 1, 2012, a hearing was held on the Motion of Judy A. Pence (hereinafter "Debtor") to Extend the Automatic Stay, filed on December 28, 2011. Debtor filed the above-captioned Chapter 13 petition on December 16, 2011. Debtor previously filed a Chapter 13 petition on April 21, 2011, but the petition was dismissed because Debtor had received a discharge under Chapter 7 within the four preceding years.[1] Debtor's most recent petition was

---

1. "[T]he court shall not grant a discharge of all debts provided for in the plan or disallowed under section 502, if the debtor has received discharge ... in a case filed under chapter 7, 11, or 12 of this title during the 4–year period preceding the date of the order

filed more than four years from the date of the Chapter 7 discharge. However, because Debtor's most recent petition was filed within a year of the dismissal of the April 2011 case, the automatic stay was to expire thirty days after the December 16, 2011 filing date. An initial hearing on the Motion to Extend was held on January 4, 2012. The stay was extended until the February 1, 2012 hearing date. After considering the pleadings and arguments, the Court makes the following findings of fact and conclusions of law.

## I. FACTS

On December 28, Debtor filed a motion to extend the automatic stay until February 1, 2012. The same day, Debtor filed a motion to extend the automatic stay beyond February 1, 2012. Debtor stated that she filed a joint Chapter 13 petition with her husband on April 21, 2011, which was dismissed as to the Debtor because a Chapter 7 petition filed by Debtor was discharged fewer than four years prior to the April 2011 filing. Debtor alleged that the current petition (December 2011) was filed more than four years after her Chapter 7 discharge. At the January 4, 2012 hearing, Debtor's Motion was granted and the automatic stay was extended until February 1, 2012. At the February 1, 2012 hearing, Debtor stated that she received a raise in October 2011, and that her husband is not a joint debtor on this petition.[2] Debtor stated that for these reasons, she believes she will be better able to successfully complete a Chapter 13 plan.[3] Additionally, Debtor asserted that in her current proposed Plan, her monthly plan payments were $180.00 for December through February and $147.50 for 36 months thereafter.

Subsequent to the February 1, 2012 hearing, Debtor's husband's monthly wages decreased. As such, Debtor's combined net monthly income was reduced from $208.99 to $147.50. Debtor valued her assets at $4,866 and she listed approximately $54,914 in nonpriority unsecured debt.[4] Her Plan proposes to pay approximately 10% to unsecured creditors. There have not been any objections by any creditors to the Motion to Extend.

## II. DISCUSSION

As of the filing of a bankruptcy petition, the automatic stay prohibits Creditors from commencing or continuing to collect on the pre-petition claims against a debtor. 11 U.S.C. § 362(a)(1). The automatic stay remains in effect until the case is closed, dismissed, or discharged, or until the property is no longer property of the estate. *See* 11 U.S.C. § 362(c)(1)-(2). However, the Bankruptcy Code provides for certain limits on the application of the automatic

---

for relief under this chapter...." 11 U.S.C. § 1328(f)(1).

2. While Debtor's Schedules do indicate that she received a pay raise since the filing of her last Chapter 13 petition, Debtor's husband's income has significantly decreased.

3. A review of Debtors' Schedules I and J in her previous joint filing indicates that their combined monthly income at that time was $4,260.11; Debtor's Schedules in the current filing reflect a combined monthly income of $3,695.95. However, Debtor's expenses have decreased significantly, and as such, her Schedules reflect a positive monthly income

of $147.50, whereas she and her husband listed a negative income of $157.39 on their April 2011 filing.

4. $4,866 is the value of Debtor's assets as of Debtor's most recent amendments. Moreover, Debtor filed on March 6, 2012 an amended Schedule D, stating that Debtor has an additional $130,000 in claims, $1 of which is secured. As of yet, Debtor has not filed a Plan amendment that reflects the additional claims. At the time of Debtor and her husband's joint April 2011 filing, Debtor had personal property worth around $36,362 and $59,551.81 in liabilities.

stay. Pursuant to 11 U.S.C. § 362(c)(3)(A), if a debtor files a Chapter 7, 11, or 13 bankruptcy petition within one year of the dismissal of the debtor's last petition, the automatic stay "with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the latter case...." 11 U.S.C. § 362(c)(3)(A). In this case the Debtor falls within the purview of 11 U.S.C. § 362(c)(3)(A).

However, 11 U.S.C. § 362(c)(3)(B) allows for an extension of the automatic stay:

> on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30–day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed; ...

11 U.S.C. § 362(c)(3)(B). 11 U.S.C. § 362(c)(3)(C) provides for a presumption that the filing is not in good faith if any one of the three criteria set forth in 11 U.S.C. § 362(c)(3)(C)(i) is present. A presumption of lack of good faith arises under 11 U.S.C. § 362(c)(3)(C)(i) if: (I) more than one previous case was pending within the last year; (II) the Debtor failed to perform certain requirements in the previous filing; or (III) if "there has *not* been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under Chapter 7, 11, or 13...." *See* 11 U.S.C. § 362(c)(3)(C)(i)(I)-(III) (emphasis added).

■ Once the existence of the presumption of bad faith arises the debtor may rebut the presumption by clear and convincing evidence. *See* 11 U.S.C. § 362(c)(3)(C); *In re Chaney*, 362 B.R. 690, 693 (Bankr.E.D.Va.2007). Courts use a "totality of the circumstances" standard to determine whether a Debtor has rebutted a § 362(c)(3)(C) presumption. *See* 16 COLLIER ON BANKRUPTCY ¶ 362.06[3][b]. If no presumption arises, the Debtor's good faith pursuant to § 362(c)(3)(B) should be evaluated using a preponderance of the evidence standard. *See In re Thomas*, 352 B.R. 751, 754 (Bankr.D.S.C.2006).

■ There is no evidence to suggest that a presumption of bad faith arises in Debtor's current bankruptcy filing. Debtor had only one other petition pending within the year preceding her December 16, 2011 petition. This eliminates § 362(c)(3)(C)(i)(I) as a criteria for bad faith. Further, Debtor's previous petition was not dismissed for any of the reasons stated in § 362(c)(3)(C)(i)(II). Finally, Debtor did provide sufficient facts to indicate her changed financial circumstances. For example, Debtor's Schedules suggest that her current financial situation has improved since her previous filing, even considering the pay cut her husband received since the February 1, 2012 hearing date. Debtor reports a positive net monthly income, which will make it much more likely that she will be able to make plan payments than was the case in April 2011 when her net income was negative. Section 362(c)(3)(C)(i)(III) is therefore eliminated as an indication of bad faith. Because none of the criteria in 11 U.S.C. § 362(c)(3)(C)(i) are present, the presumption of bad faith does not arise and the Debtor's good faith in filing should be judged under 11 U.S.C. § 362(c)(3)(B) by a preponderance of the evidence.

■ The Fourth Circuit has analyzed "good faith" by looking at "whether or not under the circumstances of the case there has been an abuse of the provisions, pur-

pose, or spirit of [the Chapter] in the proposal or plan...." *In re Chaney*, 362 B.R. at 694 (internal quotations and citations omitted). In determining whether a case has been filed in good faith, the totality of the circumstances must be examined to determine whether the plan meets the general good faith standard ascribed in 11 U.S.C. § 1325(a)(3). *In re Thomas*, 352 B.R. at 756 (quoting *Neufeld v. Freeman*, 794 F.2d 149 (4th Cir.1986)). Debtor must show that the new plan will succeed "where the plan in the prior case did not." *Chaney*, 362 B.R. at 694. When the previous dismissed case was a chapter 13 filing, Courts generally look at the reasons for the prior plan's failure and the changed circumstances that will provide for successful completion of the current plan. See 16 COLLIER ON BANKRUPTCY ¶ 362.06[3][b]. "A change in circumstances, substantial or not, would rarely by itself demonstrate good faith of the current filing." *Thomas*, 352 B.R. at 757. Thus, courts should also consider, among other things, "the timing of the later petition ... how the debts in the later case arose ... how debtor's actions affected creditors who are stayed ... [and] debtor's motive in filing the later petition...." *See* 2B Bankr. Service L. Ed. § 19:1744 (2012), citing *In re Baldassaro*, 338 B.R. 178, 188 (Bankr. D.N.H.2006). No one factor is determinative. *See Baldassaro*, 338 B.R. at 188.

■ The totality of the circumstances suggests that Debtor's filing was made in good faith. Debtor's previous Chapter 13 plan was dismissed only because she had not waited the requisite amount of time (four years) since the dismissal of her Chapter 7 filing.[5] Moreover, Debtor stated that her financial situation has improved since her last filing because she received a pay-raise in the interim and

because her husband is not a joint debtor in her filing. Debtor's schedules I and J indicate that she has a positive net monthly income, as compared with the negative monthly income reported in April, which further suggests that Debtor will be able to successfully complete a Chapter 13 plan.

Accordingly, it is

### ORDERED

That Debtor's Motion to Extend the Automatic Stay is **GRANTED**.

---

5. Thus, Debtor dismissed because it was clear that 11 U.S.C. § 1328(f)(1) made her ineligi-

ble for discharge.